IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JEFFREY SCHREIBER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAYO FOUNDATION FOR MEDICAL EDUCATION AND RESEARCH,<br><br>Défendant. | Case No. 2:22-cv-188<br><br>Honorable Hala Y. Jarbou<br><br>Mag. Ray Kent |

**JOINT STATUS REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's December 14, 2022 Order (ECF No. 18), Plaintiff Jeffrey Schreiber ("Plaintiff") and Defendant Mayo Foundation for Medical Education and Research ("Defendant") hereby submit the following Joint Status Report.

A Rule 16 Scheduling Conference is scheduled for January 17, 2023 at 11:00 A.M., before the Honorable Ray Kent. Appearing for the parties as counsel will be:

For Plaintiff: E. Powell Miller, Philip L. Fraietta, and Frank S. Hedin

For Defendant: Christopher Allen, Gregory Karpenko (admission pending), Anupama Sreekanth (admission pending)

**I.     JURISDICTION**

Plaintiff asserts that the Court has subject-matter jurisdiction over this action because the Complaint alleges that (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) the proposed class is comprised of at least 100 members. *See* 28 U.S.C. §

1

1332(d)(2)(A), (5)(B). Defendant agrees that this Court has jurisdiction over this action pursuant to 28 U.S.C. 1332(d)(2)(A), (5)(B).

**II.     JURY OR NON-JURY**

This case **is** to be tried before a jury.

**III.    JUDICIAL AVAILABILITY**

The Parties **do not agree** to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

**IV.    STATEMENT OF THE CASE**

In this putative class action, Plaintiff alleges that before July 31, 2016, Defendant rented, exchanged, and/or otherwise disclosed its Michigan customers' detailed and personally identifiable magazine subscription records to numerous third parties, including, but not limited to, data aggregators, data appenders, data cooperatives, and list brokers.  Plaintiff alleges that by renting, exchanging, and/or otherwise disclosing such personal information before July 31, 2016, without notice or consent, Defendant violated Michigan's Preservation of Personal Privacy Act, H.B. 5331, 84th Leg. Reg. Sess., P.A. No. 378, §§ 1-4 (Mich. 1988), *id*. § 5, added by H.B. 4694, 85th Leg. Reg. Sess., P.A. No. 206, § 1 (Mich. 1989) (the "PPPA").  Accordingly, Plaintiff brought this action on behalf of himself and all similarly-situated Michigan customers to recover statutory damages, costs, and reasonable attorneys' fees.

Defendant denies that Plaintiff's Complaint adequately states a claim under the PPPA, disputes whether it disclosed any of Plaintiff's personal information during the relevant time period between June 17, 2016 and July 31, 2016, and denies that this case is appropriate for class treatment. Defendant reserves the right to assert additional defenses as the case proceeds.

**V.     PROSPECTS OF SETTLEMENT**

The Parties have not been engaged in good-faith settlement discussions, but the parties

are open to such discussions.

## VI. PENDENT STATE CLAIMS

This case **does not** include pendent state claims. The only claim at issue in this case is a claim under the Michigan PPPA.

## VII. JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS

The Plaintiff does not intend to amend the Complaint to add any additional plaintiffs at this time. The Parties expect to file all motions for joinder or parties to this action and to file all motions to amend the pleadings by **March 16, 2023**.

## VIII. DISCLOSURES AND EXCHANGES

a. Fed. R. Civ. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The Parties propose the following schedule for Rule 26(a)(1) disclosures: The Parties shall exchange Rule 26(a)(1) initial disclosures on or before **February 10, 2023**.

b. Plaintiff expects to be able to furnish the names of Plaintiff's expert witnesses by **the close of fact discovery**. Defendant expects to be able to furnish the names of Defendant's expert witnesses 30 days following Plaintiff's expert disclosure.

c. It **would** be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:

　　i. Plaintiff's expert witness reports shall be disclosed on or before **September 20, 2023**;

　　ii. Defendant's expert witness reports shall be disclosed on or before **October 25, 2023**.

3

    **d.** The Parties are unable to agree on voluntary production at this time.

## IX.   DISCOVERY

Recognizing that the precise contours of the case, including the amount of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

The Parties propose the following schedule:

a. Initial interrogatories and requests for the production of documents to be served by **February 15, 2023**.

b. Joint submission of a proposed Protective Order governing the production and exchange of confidential information by **March 18, 2023**.

c. Amendments to Complaint, including addition of additional parties, to be completed by **March 18, 2023**.

d. Document production shall be produced on a rolling basis at reasonable intervals and shall be substantially completed by **May 17, 2023**.

e. Requests to Admit to be served no later than **June 21, 2023**.

f. Fact discovery shall be completed no later than **July 28, 2023**.

Plaintiff believes that discovery will be needed in the following areas: (i) the manner by which Defendant purports to obtain its customers' consent to rent, exchange, and/or otherwise disclose their magazine subscription records; (ii) any written notice Defendant provided to Plaintiff and the putative Class of their right to remove their names from any rentals, exchanges, and/or disclosures of customer lists, and the manner by which any such notice was provided; (iii) the identities of any third parties that receive Defendant's customers' magazine subscription records before July 31, 2016; (iv) copies of all transmissions of customers' magazine subscription records to third parties before July 31,

4

2016; (v) the contracts between Defendant and other third parties relating to the rentals, exchanges, and/or disclosures at issue; (vi) any and all contracts between Defendant and Plaintiff and the putative Class; (vii) subscription and payment records of Plaintiff and the putative class; and (viii) the size and identities of the putative Class members.

Defendant believes that discovery will be needed in the following areas: (i) whether any disclosures of Plaintiff's membership information were made during the relevant class period; (ii) whether Plaintiff consented to any disclosure of his information; (iii) whether Plaintiff was aware of his potential claims and failed to act on them in a timely fashion; and (iv) Plaintiff's allegations in the Complaint.

**X.      DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

The Parties have discussed the production of electronically stored information and suggest that such information be handled as follows:  The Parties will negotiate and propose an ESI protocol on or before **March 18, 2023**.

**XI.     ASSERTION OF CLAIMS OF PRIVILEGE OR WORK-PRODUCT IMMUNITY AFTER PRODUCTION**

The Parties agree to abide by the Federal Rules of Evidence with respect to assertion of claims of privilege or work-product immunity after production.

**XII.    MOTIONS**

The Parties acknowledge that W.D. Mich. Local Civil Rule 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all non-dispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute.  In addition, all non-dispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

<u>Plaintiff</u>:  A motion for class certification and a motion for summary judgment.

<u>Defendant</u>: A motion for summary judgment, and potentially a motion for lack of standing or subject matter jurisdiction depending on information adduced during discovery.

The Parties propose the following briefing schedule for Plaintiff's Motion for Class Certification:

Plaintiff will file his motion for class certification on or before **August 28, 2023**;

Defendant will file its opposition to Plaintiff's motion for class certification on or before **October 8, 2023**;

Plaintiff will file his reply in support of his motion for class certification on or before **November 6, 2023.**

Plaintiff proposes that the parties shall meet and confer on a briefing schedule for summary judgment motions after a decision on the motion for class certification.

Defendant proposes that the parties shall be permitted to file motions for summary judgment at any time, either before or after a decision on any motion for class certification.

Plaintiff is not opposed to Defendant filling a pre-class certification motion for summary judgment, however, Plaintiff believes that the parties should not file serial motions for summary judgment, and Plaintiff also believes that if Defendant files a motion for summary judgment before a decision on class certification, Defendant should be deemed to have waived the rule against one-way intervention, and Plaintiff should be entitled to move for summary judgment prior to a decision on class certification as well (without being precluded from later moving for class certification).

## XIII.  ALTERNATIVE DISPUTE RESOLUTION

The parties are open to a private mediation.

XIV.   **LENGTH OF TRIAL**

Counsel estimate the trial will last approximately 3-5 days total, with time allocated equally between Plaintiff and Defendant.

XV.   **ELECTRONIC DOCUMENT FILING SYSTEM.**

Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule.  The Court expects all counsel to abide by the requirements of this rule.  Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a pro se party must file documents electronically but serve pro se parties with paper documents in the traditional manner

XVI.   **OTHER**

If discovery moves forward, the Parties are cognizant of this District's preference to conduct discovery in 6 months or less, and the Parties have proposed a schedule designed to conduct all fact discovery in 6 months accordingly.  However, given the complex nature of this case, and that it is a putative class action, the Parties believe 6 months is likely too ambitious. The Parties therefore would like to discuss an enlarged schedule with the Court at the upcoming Rule 16 Scheduling Conference.

Dated:  January 11, 2023                              Respectfully submitted,

                                                                            */s/ E. Powell Miller*
                                                                            E. Powell Miller (P39487)
                                                                            Sharon S. Almonrode (P33938)
                                                                            Dennis A. Lienhardt (P81118)
                                                                            THE MILLER LAW FIRM, P.C.
                                                                            950 W. University Drive, Suite 300

        Rochester, MI 48307
        Tel: 248-841-2200
        epm@millerlawpc.com
        ssa@millerlawpc.com
        dal@millerlawpc.com

        Joseph I. Marchese
        Philip L. Fraietta (P85228)
        BURSOR & FISHER, P.A.
        888 Seventh Avenue
        New York, New York 10019
        Tel: 646.837.7150
        jmarchese@bursor.com
        pfraietta@bursor.com

        Frank S. Hedin
        David W. Hall
        HEDIN HALL LLP
        1395 Brickell Avenue, Suite 1140
        Miami, Florida 33131
        Tel: 305.357.2107
        Fax: 305.200.8801
        fhedin@hedinhall.com
        dhall@hedinhall.com

        *Attorneys for Plaintiff*

Dated: January 11, 2023        Respectfully submitted,

        */s/ Christopher F. Allen (w/permission)*
        Christopher F. Allen (IL Bar #6298965)
        (Admitted USDC-MIWD 7/28/2022)
        MCDONALD HOPKINS LLC
        300 North LaSalle Street, Suite 1400
        Chicago, Illinois 60654
        (312) 208-0111
        callen@mcdonaldhopkins.com

        Michael G. Latiff (P51263)
        MCDONALD HOPKINS PLC
        39533 Woodward Avenue, Suite 318
        Bloomfield Hills, Michigan 48304
        (248) 646-5070
        mlatiff@mcdonaldhopkins.com

        *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on January 11, 2023, I electronically filed the foregoing documents using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

           */s/ E. Powell Miller*
           E. Powell Miller (P39487)
           **THE MILLER LAW FIRM, P.C.**
           950 W. University Dr., Ste. 300
           Rochester, MI 48307
           Tel: (248) 841-2200
           epm@millerlawpc.com