IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JEFFREY SCHREIBER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAYO FOUNDATION FOR MEDICAL EDUCATION AND RESEARCH,<br><br>Defendant. | Case No. 2:22-cv-188<br><br>Honorable Hala Y. Jarbou<br><br>Mag. Ray Kent |

**PROTOCOL RELATING TO THE DISCOVERY OF
ELECTRONICALLY STORED INFORMATION ("ESI")**

The parties to this matter agree to the following concerning the production of documents and electronically stored information.

**I.      Scope**

a. <u>General</u>.   The procedures and protocols outlined herein govern the production of documents and electronically stored information ("ESI") by all parties to this matter (collectively, the "Parties").

b. <u>Objective</u>.  This Protocol is designed and shall be interpreted to ensure that, subject to any objections by the Party producing documents or ESI ("Producing Party"), responsive, non-privileged documents and ESI are produced by the Producing Party with

a minimum of unnecessary costs. To the extent reasonably practicable, the production of documents shall be conducted to maximize efficiency and minimize discovery costs. The terms of this Protocol shall be construed so as to ensure the prompt, efficient, and cost-effective exchange of information Nothing in this document is intended to be an exhaustive list of discovery obligations or rights of a Producing Party or the Party requesting the documents or ESI ("Requesting Party"). This Protocol shall not enlarge the scope of discovery as imposed by the rules governing this matter, court orders, or as agreed to between the Parties.

      c. <u>Limitations and Non-Waiver</u>. The Parties and their attorneys do not intend by establishing and complying with this Protocol to waive their rights to any protection or privilege, including the attorney-client privilege or the attorney work product doctrine. All Parties preserve their attorney-client, attorney work product, and other privileges and protections, and there is no intent by the Protocol to in any way waive or weaken these privileges and protections. All documents produced hereunder are fully protected and covered by any protective orders entered by the Court in this matter.

    **II.**    **Identification of Responsive Documents and ESI**

      a. <u>Culling</u>. The Parties agree that the Responding Party is best situated to evaluate the procedures, methodologies, and technologies appropriate for producing its own electronically stored information. As such, a Party may use search terms, other objective delimiters (such as e-mail domains), and/or technology-assisted review technologies as a means of limiting the volume of documents and ESI to be reviewed for responsiveness, provided that any culling methodologies employed to do so are disclosed.

The parties may meet and confer regarding methods to cull and limit the volume of documents and ESI.

      b. De-duplication. Prior to production, the parties may de-duplicate e-mails across custodians. For clarity, no party should de-duplicate any emails unless they are identified as "family-level hash duplicate."

      c. Threading. In order to reduce unnecessary volume in the review and production of e-mails, the parties may utilize e-mail threading, which means in instances in which a group of e-mails are captured in an e-mail string, only the latest e-mail in the string will be produced along with all attachments included in the e-mail string. Emails containing unique attachments not otherwise contained in the inclusive email shall also be produced along with their parent email. E-mails suppressed under this paragraph need not be reflected on the Party's privilege log.

**III.   Production Format**

      a. TIFF/Native File Format Production. The Parties agree that all non-redacted versions of Excel spreadsheets (or similar spreadsheets created using a different software program), PowerPoint presentations (or similar documents created using a different software program), audio/video files (e.g., AVI, WAV, MOV, mp3, etc.), and database files (e.g., Microsoft Access) will be produced in native format. All other documents will be produced as single-page TIFF images with corresponding multi-page text, or in native file format if applicable, and necessary load files. Native files, along with corresponding metadata, will be preserved. TIFF images will be of 300 dpi quality or better. The load files will include an image load file as well as a metadata (.dat) file with the metadata fields

identified below on the document level to the extent available. In certain circumstances, variations to the production format specified in this Protocol may be necessary. In such circumstances, the Parties will meet and confer regarding the production format.

      b. Metadata. No Party has an obligation to create or manually code fields that are not automatically generated by the processing of the ESI, that do not exist as part of the original metadata of the document, or that would be unduly burdensome or costly to obtain. The Parties shall provide the following metadata fields associated with each document produced, to the extent they are reasonably available: Custodian,[1] Email Subject, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, Hash Value (such as MD5 or SHA-1), File Size, File Extension, Page Count, Bates Number Begin, Bates Number End, Attachment Range, Attachment Begin, Attachment End (or the equivalent thereof), and Confidentiality.

      c. Structured Data. To the extent possible, all exports of structured data or reports from databases will be produced in .csv file, Excel file, or other delimited format.

      d. Document Numbering. Each page of a produced document will have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not obliterate, conceal, or interfere with any information from the source document. The Bates Number for each page of each document will be created so as to identify the Producing Party. In the case of materials redacted or deemed confidential, a redaction or confidentiality designation may be "burned" onto the document's image.

---

[1] Custodian may include a non-human data source, such as an archive.

The confidentiality designation will be burned onto the document at a location that does not obliterate, conceal, or interfere with any information from the source document.

  e. <u>Claims of Confidentiality</u>.  If the Producing Party produces ESI subject to a claim that it is protected from disclosure under a protective order or confidentiality order entered into by the Parties, the Producing Party shall electronically "burn" the specific level of confidentiality claimed onto each page of the document.  Failure to comply with this procedure shall not waive any protection of confidential treatment.

  f. <u>Production Media</u>.  The Producing Party may produce documents via a secure file transfer mechanism or on readily accessible computer or electronic media as the Parties may hereafter agree upon, including CD-ROM, DVD, or external hard drive (with standard PC compatible interface) ("Production Media").

### IV. Assertions of Privilege

  a. To limit the cost of a privilege review and make document production more efficient, the Parties have agreed to adopt the following protocol with respect to handling responsive documents or ESI that may include privileged information.

    i. <u>Communications with Outside Counsel.</u>  The Parties agree that no Party is required to list on a privilege log communications between a Party and its outside counsel, an agent of outside counsel other than the Party, any non-testifying experts, or with respect to information protected by <u>Fed. R. Civ. P. 26(b)(4)</u>, testifying experts.

    ii. <u>Outside Counsel Work-Product.</u> The Parties agree that no Party is required to list on a privilege log privileged materials or work product

    created or received by its outside counsel, an agent of outside counsel other than the Party, any non-testifying experts, or with respect to information protected by Fed. R. Civ. P. 26(b)(4), testifying experts. This provision extends to the attachments of privileged or work product emails.

  iii. <u>Redacted Documents.</u>  Redacted documents need not be logged if:

    1. the reason for the redaction and any other information that would otherwise appear on a log is noted on the face of the document; and

    2. the bibliographic information (to, from, subject etc.) is not redacted.

 b. Parties shall generate a listing of all other withheld or redacted documents and ESI in electronic spreadsheet format in compliance with Fed. R. Civ. P. 26(b)(5).

 c. Each Party may choose to identify privileged discoverable information by category, provided that sufficient information is afforded to discern the nature of the claim for withholding production and the scope of the privileged discoverable information withheld.

 d. To the extent applicable, each Party's privilege log only needs to provide objective metadata (to the extent it is available and does not reflect privileged or protected information) and an indication of the privilege or protection being asserted.

V.	**General Provisions**

    a.	<u>Discoverability and Admissibility</u>.  This Protocol does not address, limit, or determine the relevance, discoverability, agreement to produce, or admissibility of ESI.  Nothing in this Protocol shall be construed to affect the admissibility of any document or data.  All objections to the discoverability or admissibility of any document or data are preserved and may be asserted at any time.

        i.	This Protocol does not imply that discovery produced under the terms herein is properly discoverable, relevant, or admissible in this or in any other litigation.

        ii.	Additionally, nothing in this Protocol shall be deemed to waive or limit any Party's right to object to the production of certain electronically stored information, or to move for an appropriate order on the ground that the sources are not reasonably accessible.

    b.	<u>Modification</u>.  To the extent compliance with this Protocol imposes an undue burden with respect to any procedure, source, or search term listed herein, the Parties shall promptly confer in an effort to resolve the issue.  Any practice or procedure set forth herein may be varied by agreement of the Parties, which will be confirmed in writing, where such variance is deemed appropriate to facilitate the timely and economical exchange of electronic data.  Any Party that seeks to deviate from or exceed the discovery limits set forth herein must obtain leave of the Court to do so unless all Parties otherwise consent in writing.

   c. <u>Dispute Resolution</u>.  The Parties will attempt to resolve disputes regarding the issues set forth herein prior to filing a motion with the Court or otherwise seeking relief. If the Parties are unable to resolve the dispute after a good faith effort, the Parties may seek Court intervention in accordance with the Court's procedures.

  DATED: March 16, 2023          DATED: March 16, 2023

<u>*s/ Philip L. Fraietta*</u>        <u>*s/ Anupama D. Sreekanth*</u>
Joseph I. Marchese         Gregory E. Karpenko
Philip L. Fraietta (P85228)      (Admitted USDC-MIWD 1/19/2023)
**BURSOR & FISHER, P.A.**     Anupama D. Sreekanth
888 Seventh Avenue        (Admitted USDC-MIWD 1/19/2023)
New York, NY 10019       **FREDRIKSON & BYRON, P.A.**
Phone: (646) 837-7150       200 South Sixth Street, Suite 4000
Fax: (212) 989-9163        Minneapolis, MN  55402-1425
jmarchese@bursor.com       Phone: (612) 492-7000
pfraietta@bursor.com        gkarpenko@fredlaw.com
                  asreekanth@fredlaw.com

E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)    Michael G. Latiff (P51263)
Dennis A. Lienhardt (P81118)     **MCDONALD HOPKINS PLC**
William Kalas (P82113)       39533 Woodward Avenue, Suite 318
**THE MILLER LAW FIRM, P.C.**   Bloomfield Hills, MI 48304
950 W. University Drive, Suite 300  Phone: (248) 646-5070
Rochester, MI 48307        mlatiff@mcdonaldhopkins.com
Phone: (248) 841-2200
epm@millerlawpc.com       Attorneys for Defendant
ssa@millerlawpc.com
dal@millerlawpc.com
wk@millerlawpc.com

8

Frank S. Hedin
David W. Hall
**HEDIN HALL LLP**
1395 Brickell Avenue, Suite 1140
Miami, FL 33131
Phone: (305) 357-2107
Fax: (305) 200-8801
fhedin@hedinhall.com
dhall@hedinhall.com

Attorneys for Plaintiff

                IT IS SO ORDERED.

Dated:  March 21, 2023                /s/ Ray Kent
                                                      U.S. Magistrate Judge