UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JEFFREY SCHREIBER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAYO FOUNDATION FOR MEDICAL EDUCATION AND RESEARCH,<br><br>Defendant. | Case No. 2:22-cv-00188-HYJ-RSK<br><br>Hon. Hala Y. Jarbou |

**CONFIDENTIALITY AGREEMENT AND
STIPULATED PROTECTIVE ORDER**

This Confidentiality Agreement and Stipulated Protective Order ("Order") is entered into between Plaintiff Jeffrey Schreiber ("Plaintiff") through his counsel, and Defendant Mayo Foundation for Medical Education and Research ("Defendant") through its counsel (each a "Party," and collectively, the "Parties");

WHEREAS, in the course of this litigation, the Parties have sought or may seek certain discovery from one another or from certain third parties (each, a "Non-Party"), as provided by the Federal Rules of Civil Procedure, the Local Rules of this Court, and this Court's December 5, 2022 Case Management Order ("Discovery Requests"); and to expedite the exchange of discovery materials, to facilitate the prompt resolution of disputes over confidentiality, and to protect discovery material entitled to be kept confidential, the Parties stipulate and agree as follows:

1. This Order applies to all information, documents and things exchanged in or subject to discovery in this litigation either by a Party or a Non-Party (each a "Producing

1

Person") in response to or in connection with any request for information or discovery related to the litigation, including without limitation, deposition testimony (whether based upon oral examination or written questions), interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents and things produced (including documents and things produced to the receiving Party for inspection and documents and things provided to the receiving Party, whether in the form of originals or copies) as well as any and all copies, abstracts, digests, notes, summaries, studies, reports, illustrations, and excerpts thereof (collectively referred to as "Discovery Material"). The Party seeking documents from a Non-Party shall provide a copy of this Order to the Non-Party with a subpoena or any other request for information.

2. The Parties agree that the Parties shall submit this Order to the Court, without alteration, to serve as a Stipulated Protective Order for governing information exchanges and discovery. The Parties expressly agree to abide by the terms of this agreement even if this Order is not entered by the Court for any reason, unless the Court otherwise determines.

3. A Producing Person may designate Discovery Material as "Confidential" that includes information: (i) that has not been made public and that the Producing Person would not want to be made public in the ordinary course of its activities, including, but not limited to, trade secret, proprietary, technical, business, financial, personal, or any other commercial information or other information of a nature that can be protected under Federal Rule of Civil Procedure 26(c); (ii) that reveals an individual's personal identity information; (iii) that is prohibited from disclosure by statute; or (iv) that the Producing Person is under a preexisting obligation to a third-party to treat as confidential. Confidential Discovery Material includes all copies of such materials delivered to or maintained by the receiving Party, their counsel and

experts, as well as all other materials or communications that reveal or incorporate such Confidential Discovery Material.

4. Confidential Discovery Material shall be designated by the Producing Person as such by marking every such page "CONFIDENTIAL." For certain native file documents, a Producing Person may designate material as "Confidential" by cover letter describing such Confidential information and labeling such media accordingly.

5. Discovery Material, including Confidential Discovery Material, may be used solely for the prosecution, defense or settlement of this litigation and shall not be used by any other Party, other than the Party that produced it, in any other proceeding, for business, competitive, or publicity purposes, or for any other purpose whatsoever.

6. Confidential Discovery Material shall be made available to or communicated only to the following:

    a. Parties, their insurers, counsel to their insurers, and outside counsel and staff working under the express direction of the Parties;

    b. inside counsel for Defendant and its staff;

    c. the Court overseeing this litigation, and its officers and clerical staff;

    d. experts and consultants (and their respective staff) that are retained in connection with this litigation;

    e. any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof;

    f. any deponent or witness during or in preparation for his or her noticed deposition, hearing or trial testimony where such Confidential Discovery Material is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony, provided, however that such Confidential Discovery Material can only be shared with such person in connection with preparation for the anticipated testimony;

  g.  outside photocopying, graphic production services, or litigation support services;

  h.  court reporters, stenographers, or videographers who record deposition or other testimony in the litigation; and

  i.  any other person or entity with respect to whom the Producing Person may consent in writing.

7. Before any person or their representative identified in Paragraph 6(d) through 6(i) is given access to Confidential Discovery Material, he or she shall acknowledge in writing on the form provided as Exhibit A hereto that he or she read the Order and agrees to be bound by its terms. The Party providing access to the Confidential Discovery Material shall retain copies of the signed acknowledgement.

8. Consistent with the requirements of L.R. 10.6, any Party wishing to use Confidential Discovery Material in a filing must seek permission by the Court to file such material under seal. The Party must notify the Designating Party and any other Party with an interest in preserving the confidentiality of the Confidential Discovery Material, provide them with the opportunity to propose redactions to the Confidential Discovery Material, and include such proposed redactions in its motion to seal. Where possible, only those portions of filings with the Court that disclose Confidential Discovery Material shall be filed under seal.

9. Prior to using Confidential Discovery Material at trial or in open court, counsel for the Party seeking to use such material shall meet and confer with the Producing Person to discuss ways to redact or limit disclosure of the Confidential Discovery Material so that the material may be offered or otherwise used by any Party.

10. If counsel for a Party or Non-Party believes that deposition testimony constitutes Confidential Discovery Material, counsel shall so state on the record and request that the entire transcript or the relevant portion of testimony be sealed. Each page of the transcript containing

information designated as Confidential shall include the legend "Confidential." In addition, any Party or Non-Party may designate the transcript or videotape of a deposition as Confidential within seven (7) court days of its receipt of the final transcript by identifying to the court reporter the portion(s) of the transcript that constitute Confidential Discovery Material. Nothing in this paragraph shall affect the confidentiality designations of documents entered as exhibits for depositions.

11. This Order shall survive the final termination of the litigation for any retained Discovery Material. Within 60 days after dismissal or entry of final judgment not subject to further appeal, all Discovery Material other than material contained in pleadings, correspondence, work product, and deposition transcripts shall be returned to the Producing Party or destroyed.  Copies of Discovery Material furnished to any expert or other third party shall likewise be returned or destroyed.

12. Any document, material, or information supplied by a third party may be designated by the third party or any Party as Confidential pursuant to this Order.

13. If a Party or its counsel inadvertently disclose Confidential Discovery Material to persons who are not authorized to use or possess the Confidential Discovery Material, that Party shall (i) provide prompt written notice of the disclosure to the Designating Party upon learning of its inadvertent disclosure; and (ii) seek the immediate return of the Confidential Discovery Material from the unauthorized party in possession of it.

14. Any Party objecting to a Confidential designation ("Objecting Party") shall notify the Designating Party in writing of its objection.  The Objecting Party must confer directly with counsel for the Designating Party, explain the basis for its challenge, and provide the Designating Party an opportunity to review the designated material and evaluate the

Objecting Party's challenge. The Designating Party must respond to the challenge within ten (10) days of the meet and confer.

15. If no resolution is reached, the Objecting Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. All Parties shall continue to treat the challenged material as Confidential until the court decides the Objecting Party's motion. The Designating Party may argue for limits on the use or manner of dissemination of Discovery Materials found to be no longer be Confidential.

16. Any person subject to this Order that is subject to a motion or other form of legal process or regulatory process seeking the disclosure of another Party's or Non-Party's Confidential Discovery Material: (i) shall promptly notify that Party or Non-Party; (ii) shall not provide such materials without the consent of that Party, unless required by law or regulation; (iii) shall cooperate with that Party to prevent the unauthorized production of documents.

17. A Producing Party does not waive the right to assert Confidential treatment over Discovery Material that it fails to designate as Confidential at the time of production. If such Discovery Material was filed with the court prior to the Confidential designation, the Party that failed to make the designation may move for appropriate relief. If an omitted Confidential designation is first claimed during the course of a deposition or hearing, the subject Discovery Material shall be treated as Confidential.

18. Inadvertent production of Discovery Material subject to a claim of privilege or of protection as trial preparation material does not amount to a waiver of privilege or work-product immunity for such Discovery Material. If such Discovery Material is produced, the Producing Person may notify any Receiving Party that such Discovery Material is privileged and/or subject to work-product immunity. The Receiving Party must promptly return or destroy

such Discovery Material (including all copies); must not use or disclose such Discovery Material until the claim is resolved; and may promptly present the Discovery Material to the court under seal for a determination of the claim.

19. The Parties agree that the Designating Party would not have an adequate remedy at law and would be entitled to specific performance, and/or injunctive relief, to prevent disclosure of personally identifiable information.

20. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:  March 21, 2023

**SO ORDERED.**

/s/ Ray Kent

U.S. Magistrate Judge

7

STIPULATED TO:

s/ Anupama D. Sreekanth
Gregory E. Karpenko
Anupama D. Sreekanth
FREDRIKSON & BYRON, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Phone: 612.492.7000
Facsimile: 612.492.7077
Email: gkarpenko@fredlaw.com
           asreekanth@fredlaw.com

Michael G. Latiff
MCDONALD HOPKINS
Bloomfield Hills, MI 48304
(248) 220-1351
mlatiff@mcdonaldhopkins.com

*Attorneys for Defendant*

s/ Philip L. Fraietta
Joseph I. Marchese
Philip L. Fraietta
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, NY  10019
Tel: (212) 989-9113
Facsimile: (212) 989-9163
Email: jmarchese@bursor.com
           pfraietta@bursor.com

Frank S. Hedin
David W. Wall
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, FL 33131
Tel: (305) 357-2107
Facsimile: (305) 200-8801
Email: fhedin@hedinhall.com
           dhall@hedinhall.com

E. Powell Miller
Sharon S. Almonrode
Dennis A. Lienhardt
THE MILLER LAW FIRM, P.C.
950 W. Drive, Suite 300
Rochester, MI 48307
Tel: (248) 841-2200
Email: epm@millerlawpc.com
           ssa@millerlawpc.com
           dal@millerlawpc.com

*Attorneys for Plaintiff*

**Exhibit A**

**DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**

I, _____ declare under penalty of perjury that:

1. My address is _____

2. My present employer is
_____

3. My present occupation or job description is
_____

_____

4. I hereby certify and agree that I have read and understand the terms of the Stipulated Protective Order relating to the litigation between Jeffrey Schreiber and Mayo Foundation for Medical Education and Research. I further certify that I will not use "Confidential" information for any purpose other than this litigation, and will not disclose or cause "Confidential" information to be disclosed to anyone not expressly permitted by the Order to receive "Confidential," as applicable, information. I agree to be bound by the terms and conditions of the Order.

5. I understand that I am to retain in confidence from all individuals not expressly permitted to receive information designated as "Confidential," whether at home or at work, all copies of any materials I receive which have been designated as "Confidential," and that I will carefully maintain such materials in a container, drawer, room or other safe place in a manner

consistent with the Order.  I acknowledge that the return or destruction of "Confidential" material shall not relieve me from any other continuing obligations imposed upon me by the Order.

      6.     I acknowledge and agree that I am aware that by receiving materials designated "Confidential" (a) I may be receiving material non-public information about companies and (b) there exists laws, including federal securities laws, that may restrict or eliminate the sale or purchase of securities and debt of the such companies as a result of the receipt of such information.

      7.     I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order.

Date: _____

_____
(Signature)