UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JEFFREY SCHREIBER; RICHARD COLONY; and KAY VREDEVELD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>MAYO FOUNDATION FOR MEDICAL EDUCATION AND RESEARCH,<br><br>Defendant. | Case No. 2:22-cv-188-HYJ-RSK<br><br>Hon. Hala Y. Jarbou<br><br><br>**MAYO FOUNDATION FOR MEDICAL EDUCATION AND RESEARCH'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT** |

Defendant Mayo Foundation for Medical Education and Research ("Mayo") answers the Second Amended Complaint ("SAC") as follows. Except as expressly admitted or otherwise answered herein, Mayo denies each allegation in the SAC, including headers and footnotes.

## INTRODUCTION

1.  Answering paragraph 1, Mayo states that the *Mayo Clinic Health Letter* is published by Mayo Press and provides knowledge, advice, and practical information on healthy living from Mayo Clinic on topics such as arthritis, high blood pressure, heart disease, nutrition, exercise, medical treatments, and more. In 2016, annual subscriptions cost less than $10 for digital-only versions, and less than $40 for print and digital versions. Subscribers received a welcome packet with the following notice:

    MAILING LISTS

32361096.5

> In order to attract new readers, we regularly share our list of names and addresses of subscribers with other organizations that may contact you by mail. Many of our subscribers enjoy these opportunities to shop for merchandise, subscribe to unique publications, or take advantage of special offers and events.
>
> If you would like to receive catalogs and information from a variety of sources, you don't need to contact us. If, however, you would like your name excluded from these mailings, please write to us at the address below and enclose your mailing label. Your name will then not be included in future mailings.

In addition, issues of *Mayo Clinic Health Letter* included the following:

> Mailing lists
>
> We make our *Mayo Clinic Health Letter* mailing list available to carefully selected companies and organizations. If you do not wish to receive such mailings, write to us at the address shown at right and enclose your mailing label.

The remainder of paragraph 1 states legal conclusions to which no response is required. To the extent a response is required, Mayo states that any laws or cases cited speak for themselves, and denies the remaining allegations.

2. Answering paragraph 2, Mayo states that Exhibit A speaks for itself, and denies the remaining allegations.

3. Answering paragraph 3, Mayo states that any "data cards" purportedly advertised speak for themselves, and denies the remaining allegations.

4. Answering paragraph 4, Mayo states that Exhibit B speaks for itself, and denies the remaining allegations.

5. Answering paragraph 5, Mayo states that Exhibit C speaks for itself, and denies the remaining allegations.

32361096.5

6. Answering paragraph 6, Mayo states that Exhibit C speaks for itself, and denies the remaining allegations.

7. Answering paragraph 7, Mayo states that Exhibit D speaks for itself, and denies the remaining allegations.

8. Answering paragraph 8, Mayo states that Exhibit E speaks for itself, and denies the remaining allegations.

9. Answering paragraph 9, Mayo states that the exhibits to the SAC speak for themselves, and denies the remaining allegations.

10. Mayo denies the allegations in paragraph 10.

11. Answering paragraph 11, Mayo denies that Mayo had "practices of disclosing" Plaintiffs' private reading information during the relevant period. Mayo lacks information sufficient to admit or deny the remaining allegations in paragraph 11, and therefore denies the same.

12. Answering paragraph 12, Mayo states that the cited section of the PPPA speaks for itself, and denies the remaining allegations. Mayo specifically denies that it "rent[ed], exchang[ed], or otherwise disclos[ed] the Private Reading Information of all of its Michigan-based subscribers during the relevant pre-July 31, 2016 time period."

13. Answering paragraph 13, Mayo states that the SAC speaks for itself, denies that Plaintiffs are entitled to any of the relief sought in the SAC, denies that Plaintiffs have standing to assert claims on behalf of the alleged putative class, and denies the remaining allegations.

3

## NATURE OF THE CASE

14. Answering paragraph 14, Mayo states that in 2016, subscribers to the *Mayo Clinic Health Letter* received a welcome packet with notice that in order to attract new readers, Mayo shared names and addresses of subscribers with other organizations and the process by which a subscriber could choose to be excluded. The notice was also in issues of the *Mayo Clinic Health Letter*. Mayo denies that information regarding all of its customers or "myriad other categories of individualized data" were disclosed during the relevant time period, and denies the remaining allegations.

15. Mayo denies the allegations in paragraph 15.

16. Mayo denies the allegations in paragraph 16.

17. Mayo denies the allegations in paragraph 17.

## PARTIES

18. Answering paragraph 18, Mayo admits the allegations in the first three sentences. Mayo lacks information sufficient to admit or deny the allegations in the fourth sentence, and therefore denies the same. Mayo denies the remaining allegations.

19. Answering paragraph 19, Mayo admits the allegations in the first and third sentences. Answering the second sentence, Mayo admits that Mr. Colony was a subscriber to the *Mayo Clinic Health Letter* at certain times prior to July 31, 2016, but denies that he was a subscriber during the relevant time period set forth in the SAC. Mayo lacks information sufficient to admit the allegations in the fourth sentence, and therefore denies the same. Mayo denies the remaining allegations.

20. Answering paragraph 20, Mayo admits the allegations in the first three sentences. Mayo lacks information sufficient to admit or deny the allegations in the fourth sentence, and therefore denies the same. Mayo denies the remaining allegations.

21. Answering the first sentence of paragraph 21, Mayo admits that it is a Minnesota nonprofit corporation with its principal place of business in Rochester, Minnesota. The second sentence states a legal conclusion to which no response is required. Mayo admits the allegations in the third sentence.

## JURISDICTION AND VENUE

22. Paragraph 22 states a legal conclusion to which no response is required. To the extent a response is required, Mayo denies.

23. Paragraph 23 states a legal conclusion to which no response is required. To the extent a response is required, Mayo denies.

24. Paragraph 24 states a legal conclusion to which no response is required. To the extent a response is required, Mayo denies.

## FACTUAL BACKGROUND
*Michigan's Preservation of Personal Privacy Act*

25. Answering paragraph 25, Mayo states that the statements by Senators Simon and Leahy speak for themselves, and denies the remaining allegations.

26. Answering paragraph 26, Mayo states that H.B. No. 5331 speaks for itself, and denies the remaining allegations.

27. Answering paragraph 27, Mayo states that Subsection 2 of the PPPA speaks for itself, and denies the remaining allegations.

32361096.5

28. Answering paragraph 28, Mayo states that the statement of Representative McCandless speaks for itself, and denies the remaining allegations.

29. Answering paragraph 29, Mayo states that the statement of Senator Leahy speaks for itself, and denies the remaining allegations.

30. Answering paragraph 30, Mayo states that the statement of Senator Leahy speaks for itself, and denies the remaining allegations.

31. Answering paragraph 31, Mayo states that Exhibit F speaks for itself, and denies the remaining allegations.

32. Mayo denies the allegations in paragraph 32.

*The Private Information Market:*
*Consumers' Private Information Has Real Value*

33. Answering paragraph 33, Mayo states that Exhibit G speaks for itself, and denies the remaining allegations.

34. Answering paragraph 34, Mayo states that Exhibit H speaks for itself, and denies the remaining allegations.

35. Answering paragraph 35, Mayo states that Exhibit I speaks for itself, and denies the remaining allegations.

36. Answering paragraph 36, Mayo states that Exhibit J speaks for itself, and denies the remaining allegations.

37. Answering paragraph 37, Mayo states that Exhibit K speaks for itself, and denies the remaining allegations.

38. Answering paragraph 38, Mayo states that Exhibit L speaks for itself, and denies the remaining allegations.

39. Answering paragraph 39, Mayo states that Exhibit M speaks for itself, and denies the remaining allegations.

40. Answering paragraph 40, Mayo states that Exhibit M speaks for itself, and denies the remaining allegations.

41. Answering paragraph 41, Mayo states that Exhibits N and O speak for themselves, and denies the remaining allegations.

42. Answering paragraph 42, Mayo states that Exhibits O and P speak for themselves, and denies the remaining allegations.

43. Answering paragraph 43, Mayo states that Exhibit P speaks for itself, and denies the remaining allegations.

44. Answering paragraph 44, Mayo denies the allegations as to Mayo, but lacks information sufficient to admit or deny allegations as to the "publishing industry" at large, and therefore denies the same.

45. Answering paragraph 45, Mayo denies the allegations as to Mayo, but lacks information sufficient to admit or deny allegations as to the "data mining industry" at large, and therefore denies the same.

### *Consumers Place Monetary Value on Their Privacy and Consider Privacy Practices When Making Purchases*

46. Answering paragraph 46, Mayo lacks information sufficient to admit or deny allegations regarding "consumer concerns," and therefore denies the same.

47. Answering paragraph 47, Mayo states that Exhibit Q speaks for itself, and denies the remaining allegations.

48. Answering paragraph 48, Mayo lacks information sufficient to admit or deny allegations regarding "consumer privacy concerns" or "purchasing decisions," and therefore denies the same.

49. Answering paragraph 49, Mayo states that Exhibit R speaks for itself, and denies the remaining allegations.

50. Answering paragraph 50, Mayo states that Exhibit S speaks for itself, and denies the remaining allegations.

51. Answering paragraph 51, Mayo states that Exhibit T speaks for itself, and denies the remaining allegations.

### *MFMER Unlawfully Rents, Exchanges, and Discloses Its Customers' Private Reading Information*

52. Answering the first sentence of paragraph 52, Mayo admits that its subscription fulfillment vendor maintains a database of subscribers to the *Mayo Clinic Health Letter*. Mayo denies the allegations in the second sentence as to the relevant time period. Mayo states that Exhibit A speaks for itself, and denies the remaining allegations.

53. Answering paragraph 53, Mayo admits that during the relevant time period, subscribers to *Mayo Clinic Health Letter* were notified that Mayo may share their name and address with other select companies that may contact them by mail, and provided the opportunity to opt out. At certain times, Mayo disclosed the name and address of certain subscribers to select non-profit organizations. Mayo denies that the Private Reading

Information of any subscribers was disclosed to any data aggregators or appenders during the relevant time period.  Mayo states that Exhibit A speaks for itself, and denies any remaining allegations.

54. Answering paragraph 54, Mayo denies the allegations as to the relevant time period.

55. Answering paragraph 55, Mayo denies the allegations as to the relevant time period.

56. Mayo denies the allegations in paragraph 56.

57. Answering paragraph 57, Mayo admits the allegations in the first sentence upon information and belief, but denies the remaining allegations.

58. Answering paragraph 58, Mayo states that Exhibit U speaks for itself, and denies the remaining allegations.

59. Mayo denies the allegations in paragraph 59.

## CLASS ACTION ALLEGATIONS

60. Paragraph 60 states a legal conclusion to which no response is required.  To the extent a response is required, Mayo denies that Plaintiffs are  proper representatives of the alleged class, denies that the class as alleged is properly defined, denies that the class as alleged can be properly certified under Rule 23 of the Federal Rules of Civil Procedure, and denies the remaining allegations.

61. Answering paragraph 61, Mayo states that the allegations in the first sentence state a legal conclusion to which no response is required.  To the extent a response is required, Mayo denies.  Mayo lacks information sufficient to admit or deny the remaining

9

allegations, and therefore denies the same. Mayo denies that Plaintiffs are proper representatives of the alleged class, denies that the class as alleged is properly defined, denies that the class as alleged can be properly certified under Rule 23 of the Federal Rules of Civil Procedure, and denies the remaining allegations.

      62.    Paragraph 62 states a legal conclusion to which no response is required. To the extent a response is required, Mayo denies. Mayo further denies that Plaintiffs are proper representatives of the alleged class, denies that the class as alleged is properly defined, denies that the class as alleged can be properly certified under Rule 23 of the Federal Rules of Civil Procedure, and denies the remaining allegations.

      63.    Paragraph 63 states a legal conclusion to which no response is required. To the extent a response is required, Mayo denies. Mayo further denies that Plaintiffs are proper representatives of the alleged class, denies that the class as alleged is properly defined, denies that the class as alleged can be properly certified under Rule 23 of the Federal Rules of Civil Procedure, and denies the remaining allegations.

      64.    Paragraph 64 states a legal conclusion to which no response is required. To the extent a response is required, Mayo denies. Mayo further denies that Plaintiffs are proper representatives of the alleged class, denies that the class as alleged is properly defined, denies that the class as alleged can be properly certified under Rule 23 of the Federal Rules of Civil Procedure, and denies the remaining allegations.

      65.    Paragraph 65 states a legal conclusion to which no response is required. To the extent a response is required, Mayo denies. Mayo further denies that Plaintiffs are proper representatives of the alleged class, denies that the class as alleged is properly

32361096.5

defined, denies that the class as alleged can be properly certified under Rule 23 of the Federal Rules of Civil Procedure, and denies the remaining allegations.

## CAUSE OF ACTION
### Violation of Michigan's Preservation of Personal Privacy Act
### (PPPA § 2)

66. Answering paragraph 66, Mayo incorporates its answers to the prior allegations of the SAC as if fully set forth herein.

67. Answering paragraph 67, Mayo denies that Plaintiffs have standing to bring claims individually and on behalf of members of the Class as alleged, and denies the remaining allegations.

68. Paragraph 68 states a legal conclusion to which no response is required.

69. Paragraph 69 states a legal conclusion to which no response is required.

70. Paragraph 70 states a legal conclusion to which no response is required.

71. Mayo denies the allegations in paragraph 71 as to the relevant time period.

72. Mayo denies the allegations in paragraph 72 as to the relevant time period.

73. Mayo denies the allegations in paragraph 73 as to the relevant time period.

74. Answering paragraph 74, Mayo denies the allegations as to Plaintiffs Schreiber and Colony, and lacks information sufficient to admit or deny allegations as to Plaintiff Vredeveld, and therefore denies the same and any remaining allegations.

75. Mayo denies the allegations in paragraph 75 as to the relevant time period.

76. Paragraph 76 states a legal conclusion to which no response is required. To the extent a response is required, Mayo denies the allegations as to Plaintiffs Schreiber and

Colony, and lacks information sufficient to admit or deny allegations as to Plaintiff Vredeveld, and therefore denies the same and any remaining allegations.

77. Paragraph 77 states a legal conclusion to which no response is required. To the extent a response is required, Mayo denies the allegations as to Plaintiffs Schreiber and Colony, and lacks information sufficient to admit or deny allegations as to Plaintiff Vredeveld, and therefore denies the same and any remaining allegations.

78. Mayo denies the allegations in paragraph 78.

79. Mayo denies the allegations in paragraph 79.

80. Answering paragraph 80, Mayo denies that Private Reading Information of Plaintiffs Schreiber or Colony was disclosed to third parties during the relevant time period, and lacks information sufficient to admit or deny that Plaintiff Vredeveld's Private Reading Information was disclosed to third parties during the relevant time period, and therefore denies the same. Mayo lacks information sufficient to admit or deny allegations regarding the putative class, and therefore denies the same. Mayo denies any remaining allegations.

81. Answering paragraph 81, Mayo denies that Private Reading Information of Plaintiffs Schreiber or Colony was disclosed to third parties during the relevant time period, and lacks information sufficient to admit or deny that Plaintiff Vredeveld's Private Reading Information was disclosed to third parties during the relevant time period, and therefore denies the same. Mayo lacks information sufficient to admit or deny the allegations regarding the putative class, and therefore denies the same. Mayo denies any remaining allegations.

82. Paragraph 82 states a legal conclusion to which no response is required. To the extent a response is required, Mayo denies that Private Reading Information of Plaintiffs Schreiber or Colony was disclosed to third parties during the relevant time period, and lacks information sufficient to admit or deny that Plaintiff Vredeveld's Private Reading Information was disclosed to third parties during the relevant time period, and therefore denies the same. Mayo denies any remaining allegations.

83. Paragraph 83 states a legal conclusion to which no response is required. To the extent a response is required, Mayo denies as to Plaintiffs and the purported Class as to the relevant time period.

84. Paragraph 84 states a legal conclusion to which no response is required. To the extent a response is required, Mayo denies as to Plaintiffs and the purported Class as to the relevant time period.

## PRAYER FOR RELIEF

85. Mayo denies that Plaintiffs are entitled to the relief requested in the Prayer for Relief.

86. Plaintiffs' jury demand states a legal conclusion to which no response is required.

## SEPARATE DEFENSES

1. Except as expressly admitted or otherwise answered herein, Mayo denies each allegation in the SAC, including headings and footnotes.

2. The SAC fails, in whole or in part, to state a claim upon which relief can be granted.

3. Plaintiffs' claims may be barred, in whole or in part, by the applicable statute of limitations.

4. Plaintiffs' claims may be barred in whole or in part by Plaintiffs' lack of standing.

5. Plaintiffs' claims on behalf of the putative class are barred in whole or in part by Plaintiffs' lack of standing.

6. Plaintiffs are not adequate class representatives, the claims of the named Plaintiffs are not typical or common with other members of the putative class, and common issues do not predominate.

7. The proposed class does not meet the requirements of Fed. R. Civ. P. 23 and the claims are not properly certifiable.

8. Plaintiffs' claims may be barred, in whole or in part, because they provided authorization and/or consent for their name and address to be disclosed to third parties.

9. The statutory penalties claimed by Plaintiffs are grossly excessive in violation of the Due Process Clause.

10. Plaintiffs' damages may be barred or reduced because they failed to mitigate damages by not informing Mayo that they did not wish for their name and address to be sent to other organizations.

11. Plaintiffs' claims may be barred by the doctrine of laches.  Plaintiffs and putative class members have unreasonably delayed in filing suit, and such delay may have caused Mayo to no longer possess or be able to collect the relevant documents and evidence necessary to Mayo's defense.

12. Mayo reserves the right to supplement this Answer with additional defenses that may become apparent during discovery.

**WHEREFORE**, Mayo asks that the Court:

1. Dismiss the Second Amended Complaint with prejudice;

2. Award Mayo its costs and disbursements; and

3. Grant any other relief the Court deems just and equitable.

Dated: August 10, 2023

**MCDONALD HOPKINS PLC**

By:   /s/Michael G. Latiff
Michael G. Latiff (P51263)
39533 Woodward Avenue
Suite 318
Bloomfield Hills, MI 48304
(248) 646-5070
mlatiff@mcdonaldhopkins.com

**FREDRIKSON & BYRON, P.A.**
Gregory E. Karpenko (#0286473)
(Admitted USDC-MIWD 1/19/2023)
Anupama D. Sreekanth (#0393417)
(Admitted USDC-MIWD 1/19/2023)
60 South Sixth Street, Suite 1500
Minneapolis, MN  55402-4400
Telephone:  612.492.7000
gkarpenko@fredlaw.com
asreekanth@fredlaw.com

**Attorneys for Defendant**

79685932v3

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2023, I electronically filed the foregoing document with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record.

By: /s/Michael G. Latiff

**Attorneys for Defendant**