# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JEFFREY SCHREIBER; RICHARD COLONY; and KAY VREDEVELD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MAYO FOUNDATION FOR MEDICAL EDUCATION AND RESEARCH,<br><br>Defendant. | Case No. 2:22-cv-00188-HYJ-RSK<br><br>Hon. Hala Y. Jarbou |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a) & 16(b)

Plaintiffs, individually and on behalf of all others similarly situated, file this Motion for Leave to File a Third Amended Complaint pursuant to Federal Rules of Civil Procedure 16(b) and 15(a)(2):

1. Plaintiffs recently obtained third-party discovery from SFG, LLC ("SFG"), an agent of Mayo Foundation for Medical Education and Research ("Mayo") who maintained Mayo's customer database and disclosed subscriber lists on Mayo's behalf, which indicates that SFG transmitted, on Mayo's behalf, a Mayo subscriber list to a company called Commerce Register, Inc. ("CRI") on June 23, 2016, squarely within the applicable class period. This discovery was spurred by SFG's production to Plaintiffs' counsel of a server log file that reflects the activity on SFG's server housing Mayo's data during the class period. Although Plaintiffs requested a copy of this log file in their subpoena issued to SFG on June 1, 2023, SFG consistently denied being in possession of such a file for several months, including after multiple meet and confer efforts by Plaintiffs' counsel. In response to these denials, Plaintiffs' counsel served a subpoena for inspection of premises on SFG, setting a date for Plaintiffs' counsel and a digital forensics firm selected by Plaintiffs' counsel to inspect the actual server at SFG's headquarters in Big Sandy, Texas in order to locate the server's log file that reflects the activity on the server during the class period. Shortly thereafter, on October 10, 2023, SFG's counsel notified Plaintiffs' counsel that it had located the log file, which had been in its

1

possession all along, and produced the file to Plaintiffs' counsel. The log file reflects, *inter alia*, a transmission of a Mayo subscriber list (containing the names and addresses of all persons who had purchased *Mayo Clinic Health Letter* subscriptions that were active as of July 18, 2013) to CRI on June 23, 2016.

2. Following Plaintiffs' counsel's discovery of the June 23, 2016 transmission of a subscriber list to CRI, Plaintiffs' counsel diligently sought a copy of the transmitted list from both SFG and Mayo. The list was ultimately produced to Plaintiffs' counsel on October 26, 2023 by Mayo, after Mayo had received the list from SFG and redacted the names and addresses that appear on it. The redacted list produced to Plaintiffs' counsel did not redact the account numbers of the persons whose names and addresses appear on it.

3. Although the current Plaintiffs' Private Reading Information (as defined in the operative Second Amended Complaint) appears on other subscriber lists, including a list transmitted to the Salvation Army on June 20, 2016 which contains Plaintiff Vredeveld's Personal Reading Information, none of the current Plaintiffs' Personal Reading Information appears on the list that SFG transmitted to CRI on June 23, 2016. Thus, immediately after obtaining a copy of the list transmitted to CRI on June 23, 2016, Plaintiffs' counsel worked diligently to investigate the potential claims of numerous other individuals in Michigan who had contacted them about this litigation, including persons in Michigan who had

subscribed to Mayo's publication during the time period that would likely have resulted in their inclusion on the transmitted list. As a result of those efforts, Plaintiffs' counsel were recently retained by an individual named Michael Surnow, a Michigan resident whose Personal Reading Information appears in file transmitted by CRI on June 23, 2016 (as confirmed by the inclusion of Mr. Surnow's account number on the list), to represent him as a plaintiff and additional putative class representative in this action.

4. In an effort to avoid disrupting the parties' ongoing settlement discussions, Plaintiffs' counsel contacted the parties' mediator, the Hon. Gerald Rosen (Ret.), immediately after being retained by Mr. Surnow to request that Judge Rosen facilitate a meet and confer between Plaintiffs' and Defendant's counsel concerning the filing of the proposed Third Amended Class Action Complaint ("TAC") (which adds Mr. Surnow as an additional plaintiff and class representative). Plaintiffs' counsel sent a copy of the proposed TAC, in clean and redlined versions, to Judge Rosen, who in turn transmitted those documents to Defendant's counsel. Numerous meet and confers between Plaintiffs' counsel and Judge Rosen, Judge Rosen and Defendant's counsel, and Plaintiffs' counsel and Defendant's counsel then followed.

5. Although Plaintiffs' counsel had expected that Defendant would consent to the filing of the proposed TAC – especially given that the facts

necessitating the amendment had only just been revealed to Plaintiffs' counsel in the discovery that Plaintiffs' counsel had only recently (and belatedly) received from SFG – Defendant's counsel nonetheless indicated that its client would not consent to the filing of the proposed TAC.

6. And on November 17, 2023, following a November 15, 2023 telephonic meet and confer during which Plaintiffs' counsel sought Defendant's concurrence in the instant Motion, Defendant's counsel indicated that it would oppose the instant motion for leave to file the proposed TAC.[1]

7. Attached as **Composite Exhibit 1** to Plaintiffs' brief in support is Plaintiffs' proposed TAC (both a clean copy and a copy reflecting changes from the operative Second Amended Complaint in redline), adding Mr. Surnow as an additional plaintiff and proposed class representative, which Plaintiffs respectfully request leave to file.

WHEREFORE, Plaintiffs request that the Court modify the operative scheduling order pursuant to Federal Rule of Civil Procedure 16(b) and grant Plaintiffs leave to file the proposed Third Amended Complaint, attached hereto as **Composite Exhibit 1**, pursuant to Federal Rule of Civil Procedure 15(a)(2).

---

[1] Defendant's opposition is based on merits issues and will not require an extension to the schedule.

Dated: December 4, 2023         Respectfully submitted,

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
**THE MILLER LAW FIRM, P.C.**
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com

Joseph I. Marchese
Philip L. Fraietta (P85228)
**BURSOR & FISHER, P.A.**
1330 Avenue of the Americas
New York, New York 10019
Tel: 646.837.7150
jmarchese@bursor.com
pfraietta@bursor.com

Frank S. Hedin
Arun G. Ravindran
**HEDIN HALL LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
fhedin@hedinhall.com
aravindran@hedinhall.com

*Counsel for Plaintiffs and the Putative Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2023, I electronically filed the foregoing document(s) using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

                                                   */s/ E. Powell Miller*
                                                   E. Powell Miller (P39487)
                                                   **THE MILLER LAW FIRM, P.C.**
                                                   950 W. University Dr., Ste. 300
                                                   Rochester, MI 48307
                                                   Tel: (248) 841-2200
                                                   epm@millerlawpc.com