# EXHIBIT 3

| From: | Alicia Winfield |
|---|---|
| To: | callen@mcdonaldhopkins.com |
| Cc: | Phil Fraietta; Joseph Marchese; fhedin@hedinhall.com; Gregory A. Mitchell; Sharon S. Almonrode; E. Powell Miller |
| Subject: | Schreiber v. Mayo Foundation For Medical Education and Research- Case # 22-cv-00188 |
| Date: | Wednesday, January 11, 2023 5:12:40 PM |
| Attachments: | 2023.01.11 Schreiber v. Mayo Foundation Plaintiff's First Set of ROGs.pdf |
| | 2023.01.11 Schreiber v. Mayo Foundation Plaintiff's First Set of RFPs.pdf |

Good afternoon Counsel,

Please see attached Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requests for Production of Documents. Thank you. Have a wonderful day.

Respectfully,

Alicia

--
Alicia Winfield
Legal Assistant
Bursor & Fisher, P.A.
888 Seventh Ave.
New York, NY 10019
646-837-7150 (tel)
212-989-9163 (fax)
awinfield@bursor.com
www.bursor.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JEFFREY SCHREIBER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAYO FOUNDATION FOR MEDICAL EDUCATION AND RESEARCH,<br><br>Defendant. | Case No. 2:22-cv-188-HYJ-RSK<br><br>Honorable Hala Y. Jarbou<br><br>Magistrate Judge Ray S. Kent<br><br>**PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Jeffrey Schreiber ("Plaintiff") requests that Defendant MAYO FOUNDATION FOR MEDICAL EDUCATION AND RESEARCH ("Defendant" or "Mayo") answer the following interrogatories, in writing and under oath, within thirty (30) days from receipt of service.

**DEFINITIONS**

The following definitions and instructions are incorporated by reference whenever applicable in this document:

1. The term "CLASS PERIOD" shall be construed to mean the following time period: June 18, 2016 through July 31, 2016.

2. The terms "MAYO CLINIC HEALTH LETTER" shall be construed to mean a magazine or newsletter published by Mayo Foundation for Medical Education and Research.

3. The terms "DEFENDANT," "YOU," or "YOUR" refer to Mayo Foundation for Medical Education and Research and all of its affiliates, subsidiaries, predecessor and successor

entities, together with all of its officers, members, agents, employees, directors, representatives, successors and assigns.

4. The term "DISCLOSE" means to make information known. The term "DISCLOSURE" means the action of transmitting, selling, leasing, sharing, renting, licensing, or otherwise disclosing or making information known.

5. The term "PERSONAL READING INFORMATION" shall be construed to mean subscribers' personal information, including but not limited to, full names, titles of magazines subscribed to, home addresses, gender, age, ethnicity, income, religion, parental status, and political affiliation.

6. The term "PLAINTIFF" refers to the individual named Jeffrey Schreiber, who resides at the address 42280 Wilson Memorial Drive, Apartment 8, Chassell, MI 49916.

7. The term "SUBSCRIBE" means to arrange to receive a publication regularly.

8. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition except where such words have a specific custom and usage definition in a particular trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which Defendant is aware.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all persons with knowledge of YOUR DISCLOSURES of subscribers' PERSONAL READING INFORMATION.

**INTERROGATORY NO. 2:**

Identify all persons with knowledge of any purported notice(s) YOU provided to MAYO CLINIC HEALTH LETTER subscribers informing them that YOU DISCLOSE their PERSONAL READING INFORMATION.

**INTERROGATORY NO. 3:**

Identify all persons with knowledge of gross and net revenues derived from YOUR DISCLOSURE of MAYO CLINIC HEALTH LETTER subscribers' PERSONAL READING INFORMATION.

**INTERROGATORY NO. 4:**

Identify all entities to which YOU DISCLOSED MAYO CLINIC HEALTH LETTER subscribers' PERSONAL READING INFORMATION during the CLASS PERIOD.

**INTERROGATORY NO. 5:**

Identify all persons involved in the development or design of YOUR policies regarding data sharing or MAYO CLINIC HEALTH LETTER subscribers' PERSONAL READING INFORMATION.

**INTERROGATORY NO. 6:**

Identify all persons with knowledge of the number of subscribers of MAYO CLINIC HEALTH LETTER in Michigan, with knowledge of the number of subscribers who subscribed directly from YOU, and with knowledge of the number of subscribers who subscribed from YOU by postcard.

**INTERROGATORY NO. 7:**

Identify all categories of PERSONAL READING INFORMATION DISCLOSED by YOU to third parties.

**INTERROGATORY NO. 8:**

State the total gross and net revenue derived from YOUR DISCLOSURE of MAYO CLINIC HEALTH LETTER Michigan subscribers' PERSONAL READING INFORMATION during the CLASS PERIOD.

**INTERROGATORY NO. 9:**

State the gross profit, operating profit, net profit, and all other measures of profit used by YOU derived from YOUR DISCLOSURE of Michigan subscribers' PERSONAL READING INFORMATION, during the CLASS PERIOD.

**INTERROGATORY NO. 10:**

State (a) the selling, general, and administrative expenses, and (b) all other categories of expenses required to operate YOUR business of selling subscribers' PERSONAL READING INFORMATION, on a monthly basis.

**INTERROGATORY NO. 11:**

Identify all persons with knowledge of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy the judgment.

**INTERROGATORY NO. 12:**

State the total gross and net revenue derived from YOUR DISCLOSURE of MAYO CLINIC HEALTH LETTER subscriptions in Michigan, on a monthly basis.

**INTERROGATORY NO. 13:**

State (a) the selling, general, and administrative expenses, and (b) all other categories of expenses required to operate YOUR business of DISCLOSING MAYO CLINIC HEALTH LETTER subscriptions in Michigan, on a monthly basis.

**INTERROGATORY NO. 14:**

State the gross profit, operating profit, net profit, and all other measures of profit used by YOU derived from YOUR DISCLOSURE of MAYO CLINIC HEALTH LETTER subscriptions in Michigan, on a monthly basis.

**INTERROGATORY NO. 15:**

Identify all persons with knowledge of YOUR DISCLOSURE, during the CLASS PERIOD, of the PERSONAL READING INFORMATION of any individual who at any point in time subscribed to any MAYO CLINIC HEALTH LETTER, including all persons with knowledge of any contracts and other agreements entered into between YOU and any other entity, including but not limited to data mining, data aggregation, data cooperative, marketing and publishing companies, including but not limited to Specialists Marketing Services, Inc., Acxiom Corporation, Experian Marketing Solutions, Inc., Wiland, Inc., Epsilon Data Management, LLC d/b/a Abacus Alliance, Dataline, Inc., Dunn Data Company, Direct Access Marketing Services, i-Behavior, Inc., Blue Hill Marketing Solutions d/b/a LiftEngine, and NextAction Cooperative, pertaining to YOUR DISCLOSURE, during the CLASS PERIOD, of the PERSONAL READING INFORMATION of any individual who at any point in time subscribed to any MAYO CLINIC HEALTH LETTER.

**INTERROGATORY NO. 16:**

Identify all entities to which YOU DISCLOSED, during the CLASS PERIOD, the PERSONAL READING INFORMATION of PLAINTIFF.

**INTERROGATORY NO. 17:**

Identify all persons in any way involved in the development, drafting or design of any policy or notice regarding the DISCLOSURE of PERSONAL READING INFORMATION that

YOU purportedly provided to any individual who subscribed at any point in time to any MAYO CLINIC HEALTH LETTER and whose PERSONAL READING INFORMATION was DISCLOSED by YOU during the CLASS PERIOD.

**INTERROGATORY NO. 18:**

State all personal information pertaining to PLAINTIFF that YOU possess, including but not limited to such information as PLAINTIFF'S names, addresses, e-mail addresses, dates of birth, social security numbers, educational backgrounds, employment histories, financial information, physical characteristics, ethnicities and religions.

Dated: January 11, 2023                                       Respectfully submitted,

/s/ Philip L. Fraietta

Joseph I. Marchese
Philip L. Fraietta (P85228)
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150
Fax: 212.989.9163
jmarchese@bursor.com
pfraietta@bursor.com

E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com
ssa@millerlawpc.com

Frank S. Hedin
David W. Hall
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140

Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801
fhedin@hedinhall.com
dhall@hedinhall.com

*Counsel for Plaintiff and the Putative Class*

## CERTIFICATE OF SERVICE

  I, Philip L. Fraietta hereby certify that on this 11th day of January 2023, I caused true and correct copies of the foregoing PLAINTIFF'S FIRST SET OF INTERROGATORIES to be served upon all defense counsel of record via email.

              */s/ Philip L. Fraietta*
              Philip L. Fraietta (P85228)
              BURSOR & FISHER, P.A.
              888 Seventh Avenue
              New York, New York 10019
              Tel: 646.837.7150
              Fax: 212.989.9163
              pfraietta@bursor.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JEFFREY SCHREIBER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAYO FOUNDATION FOR MEDICAL EDUCATION AND RESEARCH,<br><br>Defendant. | Case No. 2:22-cv-188-HYJ-RSK<br><br>Honorable Hala Y. Jarbou<br><br>Magistrate Judge Ray S. Kent<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Jeffrey Schreiber ("Plaintiff") requests that Defendant Mayo Foundation for Medical Education and Research ("Defendant" or "Mayo") respond to the following Requests For Production Of Documents within thirty (30) days from receipt of service. The production shall occur at the offices of Bursor & Fisher, P.A., 888 Seventh Avenue, 3rd Floor, New York, New York 10019.

Production of electronically stored information should be in PDF format, and hardcopy documents should be scanned and produced as PDF images. Original document orientation shall be maintained (*i.e.*, portrait to portrait and landscape to landscape). All documents must be searchable through Optical Character Recognition ("OCR"). When subjecting documents to an OCR process, the settings of the OCR software shall maximize text quality over process speed. Any settings such as "auto-skewing," "auto-rotation," and the like should be turned on when documents are run through the process.

All documents must be assigned a Bates/control number that shall always: (1) be unique across the entire document production, (2) maintain a constant length (zero/0-padded) across the

entire production, (3) contain no special characters or embedded spaces, and (4) be sequential within a given document. If a Bates number or set of Bates numbers is skipped in a production, the producing party will disclose the Bates numbers or ranges in a cover letter accompanying the production.

**DEFINITIONS**

The following definitions and instructions are incorporated by reference whenever applicable in this document:

1.   The term "CLASS PERIOD" shall be construed to mean the following time period: June 18, 2016 through July 31, 2016.

2.   The terms "MAYO CLINIC HEALTH LETTER" shall be construed to mean newsletters or magazines published by Mayo Foundation for Medical Education and Research.

3.   The terms "DEFENDANT," "YOU," or "YOUR" refer to Mayo Foundation for Medical Education and Research and all of its affiliates, subsidiaries, predecessor and successor entities, together with all of its officers, agents, employees, directors, representatives, successors and assigns.

4.   The term "DISCLOSE" means to make information known. The term "DISCLOSURE" means the action of transmitting, selling, leasing, sharing, renting, licensing, or otherwise disclosing or making information known.

5.   The term "PERSONAL READING INFORMATION" shall be construed to mean subscribers' personal information, including but not limited to, full names, titles of magazines subscribed to, home addresses, gender, age, ethnicity, income, religion, parental status, and political affiliation.

6. The term "PLAINTIFF" refers to the individual named Jeffrey Schreiber, who resides at the address 42280 Wilson Memorial Drive, Apartment 8, Chassell, MI 49916.

7. The term "SUBSCRIBE" means to arrange to receive a publication regularly.

8. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition except where such words have a specific custom and usage definition in a particular trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which DEFENDANT is aware.

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

All documents and communications concerning PLAINTIFF.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications that refer to, reflect or relate to YOUR DISCLOSURE, during the CLASS PERIOD, of the PERSONAL READING INFORMATION of any individual who subscribed at any point in time to any MAYO CLINIC HEALTH LETTER, including but not limited to all contracts and other agreements entered into between YOU and any other entity, including but not limited to data mining, data aggregation, data cooperative, marketing and publishing companies, including but not limited to Specialists Marketing Services, Inc., Acxiom Corporation, Experian Marketing Solutions, Inc., Wiland, Inc., Epsilon Data Management, LLC d/b/a Abacus Alliance, Dataline, Inc., Dunn Data Company, Direct Access Marketing Services, i-Behavior, Inc., Blue Hill Marketing Solutions d/b/a LiftEngine, and NextAction Cooperative.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show YOUR DISCLOSURES of PLAINTIFF'S MAYO CLINIC HEALTH LETTER PERSONAL READING INFORMATION to third parties.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show YOUR DISCLOSURES of all Michigan subscribers' MAYO CLINIC HEALTH LETTER PERSONAL READING INFORMATION to third parties.

**REQUEST FOR PRODUCTION NO. 5:**

All documents sufficient to show the number of subscribers to MAYO CLINIC HEALTH LETTER in Michigan during the CLASS PERIOD.

**REQUEST FOR PRODUCTION NO. 6:**

All documents concerning YOUR policies concerning data sharing.

**REQUEST FOR PRODUCTION NO. 7:**

All documents concerning YOUR policies regarding DISCLOSURE of MAYO CLINIC HEALTH LETTER subscribers' PERSONAL READING INFORMATION.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications relevant to identifying individual Michigan subscribers to MAYO CLINIC HEALTH LETTER within the CLASS PERIOD, including first and last name, last known mailing address, last known telephone number, and last known email address, whose PERSONAL READING INFORMATION was DISCLOSED to third parties.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show all purported notice(s) YOU provided to MAYO CLINIC HEALTH LETTER subscribers in Michigan informing them that YOU DISCLOSE their PERSONAL READING INFORMATION.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to show the number of subscribers to MAYO CLINIC HEALTH LETTER in Michigan who subscribed directly from YOU, including the number who subscribed from YOU by postcard.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show the number and identity of subscribers to MAYO CLINIC HEALTH LETTER who have requested YOU not DISCLOSE their PERSONAL READING INFORMATION.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show the number and identity of Michigan subscribers to MAYO CLINIC HEALTH LETTER who have consented in writing to YOUR DISCLOSURES of their PERSONAL READING INFORMATION.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications concerning any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy the judgment.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to show your document retention policies, including document retention or destruction policies with respect to e-mail or other electronically stored or recorded documents.

**REQUEST FOR PRODUCTION NO. 15:**

All documents concerning forms and/or templates that YOU use to DISCLOSE

subscribers' PERSONAL READING INFORMATION.

**REQUEST FOR PRODUCTION NO. 16:**

All documents and communications concerning the purpose(s) for which YOUR Michigan subscribers PERSONAL READING INFORMATION was DISCLOSED and/or used after DISCLOSURE.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to show any DISCLOSURE, during the CLASS PERIOD, of any PERSONAL READING INFORMATION of PLAINTIFF to any entity.

**REQUEST FOR PRODUCTION NO. 18:**

Copies of all issues of MAYO CLINIC HEALTH LETTER from the date of PLAINTIFF'S first subscriptions to July 31, 2016.

**REQUEST FOR PRODUCTION NO. 19:**

Documents and ESI sufficient to identify each purchaser of each subscription to MAYO CLINIC HEALTH LETTER on an account with a Michigan address, purchased on or before July 31, 2016.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and ESI concerning any payment received on or before July 31, 2016 for a subscription to MAYO CLINIC HEALTH LETTER on an account with a Michigan address.

Dated: January 11, 2023                              Respectfully submitted,

*/s/ Philip L. Fraietta*
Joseph I. Marchese
Philip L. Fraietta (P85228)
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019

6

Tel: 646.837.7150
Fax: 212.989.9163
jmarchese@bursor.com
pfraietta@bursor.com

E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200
epm@millerlawpc.com
ssa@millerlawpc.com

Frank S. Hedin
David W. Hall
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107
Fax: 305.200.8801
fhedin@hedinhall.com
dhall@hedinhall.com

*Counsel for Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

      I, Philip L. Fraietta hereby certify that on this 11th day of January 2023, I caused true and correct copies of the foregoing PLAINTIFF'S FIRST SET REQUESTS FOR PRODUCTION to be served upon all defense counsel of record via email.

                                       */s/ Philip L. Fraietta*
                                       Philip L. Fraietta (P85228)
                                       BURSOR & FISHER, P.A.
                                       888 Seventh Avenue
                                       New York, New York 10019
                                       Tel: 646.837.7150
                                       Fax: 212.989.9163
                                       pfraietta@bursor.com