# EXHIBIT 4



**Fredrikson & Byron, P.A.**
Attorneys and Advisors

200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
Main: 612.492.7000
fredlaw.com

February 10, 2023

**Via Email and U.S. Mail**

E. Powell Miller
Sharon S. Almonrode
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
epm@millerlawpc.com
ssa@millerlawpc.com

Frank S. Hedin
David W. Hall
HEDIN HALL LLP
1395 Brickell Avenue, Suite 900
Miami, FL 33131
fhedin@hedinhall.com
dhall@hedinhall.com

Joseph I. Marchese
Philip L. Fraietta
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, NY 10019
jmarchese@bursor.com
pfraietta@bursor.com

Re:    Jeffrey Schreiber v. Mayo Foundation for Medical Education and Research
       Case No. 2:22-cv-188-HYJ-RSK

Counsel:

Enclosed and served upon you in the above matter, please find Mayo's Answers to Plaintiff's First Set of Interrogatories, and Mayo's Responses to Plaintiff's First Set of Requests for Production of Documents.

Best regards,

*s/ Anupama D. Sreekanth*

Anupama D. Sreekanth
**Direct Dial:** 612.492.7445
**Email:** asreekanth@fredlaw.com

ADS
Enclosures

cc:    Gregory E. Karpenko (via email)
       Michael G. Latiff (via email)

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JEFFREY SCHREIBER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAYO FOUNDATION FOR MEDICAL EDUCATION AND RESEARCH,<br><br>Defendant. | Case No. 2:22-cv-00188-HYJ-RSK<br>Hon. Hala Y. Jarbou<br><br>**DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

TO:    Plaintiff and his attorneys, E. Powell Miller, The Miller Law Firm, P.C., 950 W. University Drive, Suite 300, Rochester, MI 48307; Joseph I. Marchese and Philip L. Fraietta, Bursor & Fisher, P.A., 888 Seventh Avenue, New York, NY 10019; Frank S. Hedin and Arun Ravindran, Hedin Hall LLP, 1395 Brickell Avenue, Suite 1140, Miami, FL 33131.

Defendant Mayo Foundation for Medical Education and Research ("Mayo") submits the following Answers to Plaintiff's Interrogatories.

## **GENERAL OBJECTIONS**

1.    Mayo objects to Plaintiff's Interrogatories, including any definitions and instructions contained therein, to the extent they exceed the scope of, or attempt to impose any requirement or obligation greater than those imposed by, the Federal Rules of Civil Procedure.

2.    Mayo objects to Plaintiff's Interrogatories to the extent they seek disclosure of information that was prepared in this case in anticipation of litigation, constitutes

attorney work product, discloses the mental impressions, conclusions, opinion or legal theories of any attorneys for Mayo, contains privileged attorney-client communications, contains confidential and/or proprietary information or is otherwise protected from disclosure under applicable privileges, laws or rules.

3.     Mayo objects to Plaintiff's Interrogatories to the extent they are vague and not limited to the relevant pre-July 31, 2016 time period as set forth in Plaintiff's Amended Complaint.

4.     Mayo objects to the extent that any of Plaintiff's Interrogatories seek information that is prohibited from disclosure by the Michigan Preservation of Personal Privacy Act.

5.     Mayo objects to the extent that Plaintiff's Interrogatories seek discovery of information regarding the putative class before the putative class has been certified.

6.     Mayo incorporates the objections set forth in this section into the answers it makes to each specific Interrogatory.

7.     Mayo has exercised due and reasonable diligence in responding to Plaintiff's Interrogatories.  Mayo has not yet completed either discovery, or its internal gathering of facts and documents relating to this action and reserves the right to revise, correct, add to, supplement and clarify any of its responses.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**    Identify all persons with knowledge of YOUR DISCLOSURES of subscribers' PERSONAL READING INFORMATION.

**ANSWER:**  Mayo objects to Interrogatory No. 1 on grounds that the request to identify "all persons" with knowledge of disclosures of subscribers' personal reading

information is overbroad and unduly burdensome.  Mayo further objects on grounds that the Interrogatory is not limited in subject matter, time, or geographic scope to the allegations in the Amended Complaint, and therefore seeks information that is not relevant or proportional to the needs of this case.

Subject to and without waiving these or the General Objections, Mayo states that Gregory Shevlin, List Services Manager at Mayo Press, has knowledge regarding Mayo's response to Interrogatory No. 4.   Discovery is ongoing and Mayo reserves the right to supplement its answer to this interrogatory as further information comes to its attention through investigation, discovery, or otherwise.

**INTERROGATORY NO. 2:**   Identify all persons with knowledge of any purported notice(s) YOU provided to MAYO CLINIC HEALTH LETTER subscribers informing them that YOU DISCLOSE their PERSONAL READING INFORMATION.

**ANSWER:**  Mayo objects to Interrogatory No. 2 on grounds that the request to identify "all persons" with knowledge of notices provided to *Mayo Clinic Health Letter* subscribers regarding disclosure of personal reading information is overbroad and unduly burdensome.  Mayo further objects on grounds that the Interrogatory is not limited in subject matter, time, or geographic scope to the allegations in the Amended Complaint, and therefore seeks information that is not relevant or proportional to the needs of this case.

Subject to and without waiving these or the General Objections, Mayo states that Gregory Shevlin, List Services Manager at Mayo Press, has knowledge regarding notices provided to Michigan *Mayo Clinic Health Letter* subscribers regarding disclosure of personal reading information during the relevant pre-July 31, 2016 time period.  Discovery

is ongoing and Mayo reserves the right to supplement its answer to this interrogatory as further information comes to its attention through investigation, discovery, or otherwise.

**INTERROGATORY NO. 3:**  Identify all persons with knowledge of gross and net revenues derived from YOUR DISCLOSURE of MAYO CLINIC HEALTH LETTER subscribers' PERSONAL READING INFORMATION.

**ANSWER:**  Mayo objects to Interrogatory No. 3 on grounds that it seeks information that is not relevant to any party's claims and defenses, because the claims as alleged in the Amended Complaint have statutory penalties that are not associated with any actual damages or gross and net revenues, and there is no basis for discovery or an award of damages based on revenues derived from the conduct as alleged.  Mayo further objects that the request seeks information that is not proportional to the needs of the case, and is unduly burdensome for the same reasons.

**INTERROGATORY NO. 4:**  Identify all entities to which YOU DISCLOSED MAYO CLINIC HEALTH LETTER subscribers' PERSONAL READING INFORMATION during the CLASS PERIOD.

**ANSWER:**  Mayo objects to Interrogatory No. 4 on grounds that it is not limited in geographic scope to the matters alleged in the Amended Complaint, and therefore seeks information that is not relevant to any party's claims and defenses, or proportional to the needs of this case. Mayo further objects to the extent that any this request seeks information that is prohibited from disclosure by the Michigan Preservation of Personal Privacy Act. Mayo also objects to the extent that this request seeks discovery of information regarding the putative class before the putative class has been certified, and seeks discovery regarding a putative class of which Plaintiff is not a member.

4

Subject to and without waiving these or the General Objections, Mayo states that based on its review of business records maintained in the ordinary course, Mayo currently has no evidence to support the allegation that Mr. Schreiber's personal reading information was disclosed, exchanged, transferred, or sold from June 17, 2016 to July 31, 2016.

Mayo excludes from its list rental program certain subscribers of the *Mayo Clinic Health Letter*, including but not limited to Mayo Clinic patients and any individuals who opt-out of the list rental program.  On June 20, 2016, Mayo suppressed all Michigan *Mayo Clinic Health Letter* subscriber records from its list rental program.  As a result, no sales of Michigan *Mayo Clinic Health Letter* subscriber records were made on or after June 21, 2016.

Therefore, based on the applicable statute of limitations, the relevant period is June 17-20, 2016.  During this period, only three total sales could have potentially included information regarding Michigan subscribers to *Mayo Clinic Health Letter*, to the following entities: (1) Alzheimer's Disease Research; (2) Memorial Sloan Kettering Cancer Center; and (3) The Salvation Army.

Mr. Schreiber was not a part of the sale to Alzheimer's Disease Research or the sale to Memorial Sloan Kettering Cancer Center.  The sale to Alzheimer's Disease Research was of new subscribers in May 2016.  The sale to Memorial Sloan Kettering Cancer Center was of new subscribers in December 2015-May 2016.  Mr. Schreiber became a subscriber to *Mayo Clinic Health Letter* in September 2015.  Therefore, Mr. Schreiber was not a new subscriber in the periods applicable to sales to either Alzheimer's Disease Research or Memorial Sloan Kettering Cancer Center, and his information was not included.

In addition, Mayo has no evidence that Mr. Schreiber was a part of the sale to The Salvation Army.  The Salvation Army placed an order for zip code selects.  Therefore, the data involved a random sample of subscribers based on zip code.  The sale did not involve all Michigan subscribers' data available for list rental (which, as described above, is a smaller subset than all Michigan subscribers of the *Mayo Clinic Health Letter*).  Mayo did not receive at the time, and does not currently have in its possession, documents or records that would identify which zip codes were included in this sale.  Therefore, Mayo cannot determine if Mr. Schreiber was included in this sale, or identify any potential Michigan subscriber whose data was included.  If such records still exist, they are in the possession of a third party, Commerce Register, Inc.  Those records were not contemporaneously provided to Mayo, nor are they ordinarily provided to Mayo in the routine course of business.

Discovery is ongoing and Mayo reserves the right to supplement its answer to this interrogatory as further information comes to its attention through investigation, discovery, or otherwise.

**INTERROGATORY NO. 5:**  Identify all persons involved in the development or design of YOUR policies regarding data sharing or MAYO CLINIC HEALTH LETTER subscribers' PERSONAL READING INFORMATION.

**ANSWER:**  Mayo objects to Interrogatory No. 5 on grounds that it seeks information that is not relevant to any party's claims or defenses, or proportional to the needs of this case, because it is not limited in time, geographic scope, or subject matter to the allegations in the Amended Complaint.  Mayo further objects that the request to identify "all persons involved in the development or design" of the listed policies is overbroad and

6

unduly burdensome.  Mayo further objects that the phrase "policies regarding data sharing" is vague and ambiguous.

Subject to and without waiving these or the General Objections, Gregory Shevlin, List Services Manager at Mayo Press, is involved in the development and design of policies regarding *Mayo Clinic Health Letter*'s list rental program.  Discovery is ongoing and Mayo reserves the right to supplement its answer to this interrogatory as further information comes to its attention through investigation, discovery, or otherwise.

**INTERROGATORY NO. 6:**  Identify all persons with knowledge of the number of subscribers of MAYO CLINIC HEALTH LETTER in Michigan, with knowledge of the number of subscribers who subscribed directly from YOU, and with knowledge of the number of subscribers who subscribed from YOU by postcard.

**ANSWER:**  Mayo objects on grounds that Interrogatory No. 6 seeks information that is not relevant to any party's claims or defenses, and is not proportional to the needs of this case, because it is not limited to the conduct alleged in the Amended Complaint. As explained in Mayo's response to Interrogatory No. 4, the total number of Michigan subscribers to *Mayo Clinic Health Letter* is not relevant to the claims at issue in this case, because during the relevant pre-July 31, 2016 period, only a much smaller subset of Michigan subscribers were available for list rental, let alone actually sold.  Mayo further objects that the request to identify "all persons" with the knowledge is overbroad and unduly burdensome.

Subject to and without waiving these or the General Objections, Gregory Shevlin has knowledge of the number of subscribers of *Mayo Clinic Health Letter* during the relevant pre-July 31, 2016 period.

7

**INTERROGATORY NO. 7:**  Identify all categories of PERSONAL READING INFORMATION DISCLOSED by YOU to third parties.

**ANSWER:**  Mayo objects to Interrogatory No. 7 on grounds that it is not limited in subject matter, geographic scope, or time to the allegations in the Amended Complaint, and therefore seeks information that is not relevant to any party's claims or defenses, or proportional to the needs of this case.

Subject to and without waiving these or the General Objections, with respect to Mayo's response to Interrogatory No. 4, name and mailing address.  Discovery is ongoing and Mayo reserves the right to supplement its answer to this interrogatory as further information comes to its attention through investigation, discovery, or otherwise.

**INTERROGATORY NO. 8:**  State the total gross and net revenue derived from YOUR DISCLOSURE of MAYO CLINIC HEALTH LETTER Michigan subscribers' PERSONAL READING INFORMATION during the CLASS PERIOD.

**ANSWER:**   Mayo objects to Interrogatory No. 8 on grounds that it seeks information that is not relevant to any party's claims and defenses, because the claims as alleged in the Amended Complaint have statutory penalties that are not associated with any actual damages or gross and net revenues, and there is no basis for discovery or an award of damages based on revenues derived from the conduct as alleged.  Mayo further objects that the request seeks information that is not proportional to the needs of the case, and is unduly burdensome for the same reasons.

**INTERROGATORY NO. 9:**  State the gross profit, operating profit, net profit, and all other measures of profit used by YOU derived from YOUR DISCLOSURE of Michigan subscribers' PERSONAL READING INFORMATION, during the CLASS PERIOD.

**ANSWER:**  Mayo objects to Interrogatory No. 9 on grounds that it seeks information that is not relevant to any party's claims and defenses, because the claims as alleged in the Amended Complaint have statutory penalties that are not associated with any actual damages or gross and net revenues, and there is no basis for discovery or an award of damages based on profits derived from the conduct as alleged.  Mayo further objects that the request seeks information that is not proportional to the needs of the case, and is unduly burdensome for the same reasons.

**INTERROGATORY NO. 10:**  State (a) the selling, general, and administrative expenses, and (b) all other categories of expenses required to operate YOUR business of selling subscribers' PERSONAL READING INFORMATION, on a monthly basis.

**ANSWER:**  Mayo objects to Interrogatory No. 10 on grounds that it seeks information that is not relevant to any party's claims and defenses, because the claims as alleged in the Amended Complaint have statutory penalties that are not associated with any actual damages or gross and net revenues or profits, and there is no basis for discovery or an award of damages based on expenses associated with the conduct as alleged.  Mayo further objects that the request seeks information that is not proportional to the needs of the case, and is unduly burdensome for the same reasons.

**INTERROGATORY NO. 11:**  Identify all persons with knowledge of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy the judgment.

**ANSWER:**  Mayo objects to Interrogatory No. 11 on grounds that the request to identify "all persons" with knowledge of insurance regarding this matter is overbroad and unduly burdensome.

Subject to and without waiving these or the General Objections, Mayo identifies Dawn Scheiffer, Director—Risk Management/Treasury Services.  Discovery is ongoing and Mayo reserves the right to supplement its answer to this interrogatory as further information comes to its attention through investigation, discovery, or otherwise.

**INTERROGATORY NO. 12:**  State the total gross and net revenue derived from YOUR DISCLOSURE of MAYO CLINIC HEALTH LETTER subscriptions in Michigan, on a monthly basis.

**ANSWER:**  Mayo objects to Interrogatory No. 12 on grounds that it seeks information that is not relevant to any party's claims and defenses, because the claims as alleged in the Amended Complaint have statutory penalties that are not associated with any actual damages or gross and net revenues, and there is no basis for discovery or an award of damages based on profits derived from the conduct as alleged.  Mayo further objects that the request seeks information that is not proportional to the needs of the case, and is unduly burdensome for the same reasons.

**INTERROGATORY NO. 13:**  State (a) the selling, general, and administrative expenses, and (b) all other categories of expenses required to operate YOUR business of DISCLOSING MAYO CLINIC HEALTH LETTER subscriptions in Michigan, on a monthly basis.

**ANSWER:**  Mayo objects to Interrogatory No. 13 on grounds that it seeks information that is not relevant to any party's claims and defenses, because the claims as alleged in the Amended Complaint have statutory penalties that are not associated with any actual damages or gross and net revenues or profits, and there is no basis for discovery or an award of damages based on expenses associated with the conduct as alleged.  Mayo

further objects that the request seeks information that is not proportional to the needs of the case, and is unduly burdensome for the same reasons.

**INTERROGATORY NO. 14:**  State the gross profit, operating profit, net profit, and all other measures of profit used by YOU derived from YOUR DISCLOSURE of MAYO CLINIC HEALTH LETTER subscriptions in Michigan, on a monthly basis.

**ANSWER:**  Mayo objects to Interrogatory No. 14 on grounds that it seeks information that is not relevant to any party's claims and defenses, because the claims as alleged in the Amended Complaint have statutory penalties that are not associated with any actual damages or gross and net revenues, and there is no basis for discovery or an award of damages based on profits derived from the conduct as alleged.  Mayo further objects that the request seeks information that is not proportional to the needs of the case, and is unduly burdensome for the same reasons.

**INTERROGATORY NO. 15:**  Identify all persons with knowledge of YOUR DISCLOSURE, during the CLASS PERIOD, of the PERSONAL READING INFORMATION of any individual who at any point in time subscribed to any MAYO CLINIC HEALTH LETTER, including all persons with knowledge of any contracts and other agreements entered into between YOU and any other entity, including but not limited to data mining, data aggregation, data cooperative, marketing and publishing companies, including but not limited to Specialists Marketing Services, Inc., Acxiom Corporation, Experian Marketing Solutions, Inc., Wiland, Inc., Epsilon Data Management, LLC d/b/a Abacus Alliance, Dataline, Inc., Dunn Data Company, Direct Access Marketing Services, i-Behavior, Inc., Blue Hill Marketing Solutions d/b/a LiftEngine, and NextAction Cooperative, pertaining to YOUR DISCLOSURE, during the CLASS PERIOD, of the PERSONAL READING INFORMATION of any individual who at any point in time subscribed to any MAYO CLINIC HEALTH LETTER.

**ANSWER:** Mayo objects to Interrogatory No.  15 on grounds that it is not limited in subject matter or geographic scope to the allegations in the Amended Complaint, and therefore seeks information that is not relevant to any party's claims or defenses, or proportional to the needs of the case.  Mayo further objects to the extent this interrogatory

seeks information that is not in Mayo's possession and control.  Mayo objects to the extent that this request seeks information that is prohibited from disclosure by the Michigan Preservation of Personal Privacy Act.  Mayo also objects to the extent that this request seeks discovery of information regarding the putative class before the putative class has been certified, and seeks discovery regarding a putative class of which Plaintiff is not a member.

Subject to and without waiving these or any of the General Objections, Mayo incorporates by reference its response to Interrogatory No. 4, and identifies Gregory Shevlin.  Discovery is ongoing and Mayo reserves the right to supplement its answer to this interrogatory as further information comes to its attention through investigation, discovery, or otherwise.

**INTERROGATORY NO. 16:**  Identify all entities to which YOU DISCLOSED, during the CLASS PERIOD, the PERSONAL READING INFORMATION of PLAINTIFF.

**ANSWER:**  Without waiving the General Objections, Mayo incorporates by reference its response to Interrogatory No. 4, and states that Mayo is not currently in possession and control of any facts, documents, or records supporting the allegation that Plaintiff's personal reading information was disclosed to a third party during the class period.  Discovery is ongoing and Mayo reserves the right to supplement its answer to this interrogatory as further information comes to its attention through investigation, discovery, or otherwise.

**INTERROGATORY NO. 17:**  Identify all persons in any way involved in the development, drafting or design of any policy or notice regarding the DISCLOSURE of PERSONAL READING INFORMATION that YOU purportedly provided to any individual who subscribed at any point in time to any MAYO CLINIC HEALTH LETTER

and whose PERSONAL READING INFORMATION was DISCLOSED by YOU during the CLASS PERIOD.

**ANSWER:**  Mayo objects to Interrogatory No. 17 on grounds that request to identify "all persons in any way involved in the development, drafting or design" of the identified policies is overbroad and unduly burdensome.

Subject to and without waiving these or the General Objections, Gregory Shevlin, List Services Manager at Mayo Press, was involved in the creation of policies regarding *Mayo Clinic Health Letter*'s list rental program.  Discovery is ongoing and Mayo reserves the right to supplement its answer to this interrogatory as further information comes to its attention through investigation, discovery, or otherwise.

**INTERROGATORY NO. 18:**  State all personal information pertaining to PLAINTIFF that YOU possess, including but not limited to such information as PLAINTIFF'S names, addresses, e-mail addresses, dates of birth, social security numbers, educational backgrounds, employment histories, financial information, physical characteristics, ethnicities and religions.

**ANSWER:**  Mayo objects to this Interrogatory on grounds that it may seek information regarding Plaintiff that was obtained by sources other than the conduct alleged by Mayo in the Amended Complaint, and therefore seeks information that is not relevant to any party's claims or defenses, or proportional to the needs of this case.

Subject to and without waiving these or the General Objections, Mayo states that it collects name, address, and payment information from subscribers to *Mayo Clinic Health Letter.*  Discovery is ongoing and Mayo reserves the right to supplement its answer to this interrogatory as further information comes to its attention through investigation, discovery, or otherwise.

Dated: February 10, 2023

*s/ Anupama D. Sreekanth*

**FREDRIKSON & BYRON, P.A.**
Gregory E. Karpenko
(Admitted USDC-MIWD 1/19/2023)
Anupama D. Sreekanth
(Admitted USDC-MIWD 1/19/2023)
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Telephone:  612.492.7000
*gkarpenko@fredlaw.com*
*asreekanth@fredlaw.com*

**MCDONALD HOPKINS PLC**
Michael G. Latiff (P51263)
39533 Woodward Avenue
Suite 318
Bloomfield Hills, MI 48304
(248) 646-5070
mlatiff@mcdonaldhopkins.com

***Attorneys for Defendant***

78104748

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JEFFREY SCHREIBER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>MAYO FOUNDATION FOR MEDICAL EDUCATION AND RESEARCH,<br><br>Defendant. | Case No. 2:22-cv-00188-HYJ-RSK<br>Hon. Hala Y. Jarbou<br><br>**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

TO:    Plaintiff and his attorneys, E. Powell Miller, The Miller Law Firm, P.C., 950 W. University Drive, Suite 300, Rochester, MI 48307; Joseph I. Marchese and Philip L. Fraietta, Bursor & Fisher, P.A., 888 Seventh Avenue, New York, NY 10019; and Frank S. Hedin and Arun Ravindran, Hedin Hall LLP, 1395 Brickell Avenue, Suite 1140, Miami, FL 33131.

Defendant Mayo Foundation for Medical Education and Research ("Mayo") submits the following Responses to Plaintiff's First Set of Requests for Production of Documents ("Requests").

## <u>GENERAL OBJECTIONS</u>

1.    Mayo objects to Plaintiff's Requests, including any definitions and instructions contained therein, to the extent they exceed the scope of, or attempt to impose any requirement or obligation greater than those imposed by, the Federal Rules of Civil Procedure.

2.    Mayo objects to Plaintiff's Requests to the extent they seek disclosure of information that was prepared in this case in anticipation of litigation, constitutes attorney work product, discloses the mental impressions, conclusions, opinion or legal theories of

any attorneys for Mayo, contains privileged attorney-client communications, contains confidential and/or proprietary information or is otherwise protected from disclosure under applicable privileges, laws or rules.

3.    Mayo objects to Plaintiff's Requests to the extent they are vague and not limited to the relevant pre-July 31, 2016 time period as set forth in Plaintiff's Amended Complaint.

4.    Mayo objects to the extent that any of Plaintiff's Requests seek information that is prohibited from disclosure by the Michigan Preservation of Personal Privacy Act.

5.    Mayo objects to the extent Plaintiff's requests seek discovery of information regarding the putative class before the putative class has been certified.

6.    Mayo incorporates the objections set forth in this section into the responses it makes to each specific Request.

7.    Mayo has exercised due and reasonable diligence in responding to Plaintiff's Requests.   Mayo has not yet completed either discovery, or its internal gathering of facts and documents relating to this action and reserves the right to revise, correct, add to, supplement and clarify any of its responses.

## RESPONSES TO DOCUMENT REQUESTS

**REQUEST NO. 1:** All documents and communications concerning PLAINTIFF.

**RESPONSE:** Mayo objects to Request No. 1 on grounds that it is not limited in subject matter or time to the allegations in the Amended Complaint, and therefore seeks information that is not relevant to any party's claims or defenses, or proportional to the needs of the case.  Mayo further objects to the extent the request seeks information that

may be protected by the attorney-client privilege or work product doctrine.  Mayo further

objects to the extent this request seeks information that is not in Mayo's possession and

control.  Mayo objects to the extent that this request seeks information that is prohibited

from disclosure by the Michigan Preservation of Personal Privacy Act.

Subject to and without waiving these or any of the General Objections, Mayo

incorporates by reference its response to Interrogatory No. 4.  Upon entry of a mutually

agreed-upon protective order, non-privileged, responsive documents related to Mayo's

response to Interrogatory No. 4 in Mayo's possession, if any, will be produced.

Discovery is ongoing and Mayo reserves the right to supplement its answer to this

Request as further information comes to its attention through investigation, discovery, or

otherwise.

**REQUEST NO. 2:**  All documents and communications that refer to, reflect or relate to
YOUR DISCLOSURE, during the CLASS PERIOD, of the PERSONAL READING
INFORMATION of any individual who subscribed at any point in time to any MAYO
CLINIC HEALTH LETTER, including but not limited to all contracts and other
agreements entered into between YOU and any other entity, including but not limited to
data mining, data aggregation, data cooperative, marketing and publishing companies,
including but not limited to Specialists Marketing Services, Inc., Acxiom Corporation,
Experian Marketing Solutions, Inc., Wiland, Inc., Epsilon Data Management, LLC d/b/a
Abacus Alliance, Dataline, Inc., Dunn Data Company, Direct Access Marketing Services,
i-Behavior, Inc., Blue Hill Marketing Solutions d/b/a LiftEngine, and NextAction
Cooperative.

**RESPONSE:** Mayo objects to Request No. 2 on grounds that it is not limited in

subject matter or geographic scope to the allegations in the Amended Complaint, and

therefore seeks information that is not relevant to any party's claims or defenses, or

proportional to the needs of the case.  Mayo further objects to the extent the request seeks

information that may be protected by the attorney-client privilege or work product

doctrine.  Mayo further objects to the extent this request seeks information that is not in Mayo's possession and control.  Mayo objects to the extent that this request seeks information that is prohibited from disclosure by the Michigan Preservation of Personal Privacy Act.  Mayo also objects to the extent that this request seeks discovery of information regarding the putative class before the putative class has been certified, and seeks discovery regarding a putative class of which Plaintiff is not a member.

Subject to and without waiving these or any of the General Objections, Mayo incorporates by reference its response to Interrogatory No. 4.  Upon entry of a mutually agreed-upon protective order, non-privileged, responsive documents related to Mayo's response to Interrogatory No. 4 in Mayo's possession, if any, will be produced. Discovery is ongoing and Mayo reserves the right to supplement its answer to this Request as further information comes to its attention through investigation, discovery, or otherwise.

**REQUEST NO. 3**:  Documents sufficient to show YOUR DISCLOSURES of PLAINTIFF'S MAYO CLINIC HEALTH LETTER PERSONAL READING INFORMATION to third parties.

**RESPONSE**:  Mayo objects to Request No. 3 on grounds that it is not limited in time to the allegations in the Amended Complaint, and therefore seeks information that is not relevant to any party's claims or defenses, or proportional to the needs of the case. Mayo further objects to the extent the request seeks information that may be protected by the attorney-client privilege or work product doctrine.  Mayo further objects to the extent this request seeks information that is not in Mayo's possession and control.

Subject to and without waiving these or any of the General Objections, Mayo incorporates by reference its response to Interrogatory No. 4.  Upon entry of a mutually agreed-upon protective order, non-privileged, responsive documents related to Mayo's response to Interrogatory No. 4 in Mayo's possession, if any, will be produced. Discovery is ongoing and Mayo reserves the right to supplement its answer to this Request as further information comes to its attention through investigation, discovery, or otherwise.

**REQUEST NO. 4:**  Documents sufficient to show YOUR DISCLOSURES of all Michigan subscribers' MAYO CLINIC HEALTH LETTER PERSONAL READING INFORMATION to third parties.

**RESPONSE:**  Mayo objects to Request No. 4 on grounds that it is not limited in time to the allegations in the Amended Complaint, and therefore seeks information that is not relevant to any party's claims or defenses, or proportional to the needs of the case. Mayo further objects to the extent the request seeks information that may be protected by the attorney-client privilege or work product doctrine.  Mayo further objects to the extent this request seeks information that is not in Mayo's possession and control.  Mayo objects to the extent this request is duplicative of prior requests. Mayo objects to the extent that this request seeks information that is prohibited from disclosure by the Michigan Preservation of Personal Privacy Act.  Mayo also objects to the extent that this request seeks discovery of information regarding the putative class before the putative class has been certified, and seeks discovery regarding a putative class of which Plaintiff is not a member.

Subject to and without waiving these or any of the General Objections, Mayo incorporates by reference its response to Interrogatory No. 4. Upon entry of a mutually agreed-upon protective order, non-privileged, responsive documents related to Mayo's response to Interrogatory No. 4 in Mayo's possession, if any, will be produced. Discovery is ongoing and Mayo reserves the right to supplement its answer to this Request as further information comes to its attention through investigation, discovery, or otherwise.

**REQUEST NO. 5:**  All documents sufficient to show the number of subscribers to MAYO CLINIC HEALTH LETTER in Michigan during the CLASS PERIOD.

**RESPONSE:**  Mayo objects to Request No. 5 on grounds that it is not limited in subject matter to the allegations in the Amended Complaint, and therefore seeks information that is not relevant to any party's claims or defenses or proportional to the needs of this case.   Mayo further objects because the total number of subscribers to the *Mayo Clinic Health Letter* in Michigan is not relevant to the matters alleged in the Amended Complaint.  Mayo objects to the extent that this request seeks information that is prohibited from disclosure by the Michigan Preservation of Personal Privacy Act. Mayo also objects to the extent that this request seeks discovery of information regarding the putative class before the putative class has been certified, and seeks discovery regarding a putative class of which Plaintiff is not a member.

Subject to and without waiving these or the General Objections, upon entry of a mutually agreed-upon protective order, Mayo will produce non-privileged documents that

show the number of Michigan subscribers to *Mayo Clinic Health Letter* whose information was available for list rental during the relevant period.

**REQUEST NO. 6:** All documents concerning YOUR policies concerning data sharing.

**RESPONSE:** Mayo objects to Request No. 6 on grounds that it is not limited in subject matter, geographic scope, or time to the allegations in the Amended Complaint, and therefore seeks information that is not relevant to any party's claims or defenses, or proportional to the needs of the case. Mayo further objects to the extent the request for "all documents concerning" data sharing policies is overbroad and unduly burdensome, and seeks information that may be protected by the attorney-client privilege or work product doctrine. Mayo also objects that the phrase "policies concerning data sharing" is vague and ambiguous.

Subject to and without waiving these or any of the General Objections, upon entry of a mutually agreed-upon protective order, Mayo will produce copies of any policies regarding the rental, exchange, or disclosure of Michigan *Mayo Clinic Health Letter* subscribers' Private Reading Information to third parties in effect during the relevant pre-July 31, 2016 time period.

**REQUEST NO. 7:** All documents concerning YOUR policies regarding DISCLOSURE of MAYO CLINIC HEALTH LETTER subscribers' PERSONAL READING INFORMATION.

**RESPONSE:** Mayo objects to Request No. 7 on grounds that it is not limited in geographic scope or time to the allegations in the Amended Complaint, and therefore seeks information that is not relevant to any party's claims or defenses, or proportional to the needs of the case. Mayo further objects to the extent the request for "all documents

7

concerning" the identified policies is overbroad and unduly burdensome, and seeks information that may be protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving these or any of the General Objections, upon entry of a mutually agreed-upon protective order, Mayo will produce copies of any policies regarding the rental, exchange, or disclosure of Michigan *Mayo Clinic Health Letter* subscribers' Private Reading Information to third parties in effect during the relevant pre-July 31, 2016.

**REQUEST NO. 8:**    All documents and communications relevant to identifying individual Michigan subscribers to MAYO CLINIC HEALTH LETTER within the CLASS PERIOD, including first and last name, last known mailing address, last known telephone number, and last known email address, whose PERSONAL READING INFORMATION was DISCLOSED to third parties.

**RESPONSE:** Mayo objects to the extent the request for "all documents and communications relevant to identifying" the individuals described is vague, ambiguous, and overbroad.  Mayo further objects to the extent the request seeks information that may be protected by the attorney-client privilege or work product doctrine.  Mayo further objects to the extent this request seeks information that is not in Mayo's possession and control.  Mayo objects to the extent that this request seeks information that is prohibited from disclosure by the Michigan Preservation of Personal Privacy Act.  Mayo also objects to the extent that this request seeks discovery of information regarding the putative class before the putative class has been certified, and seeks discovery regarding a putative class of which Plaintiff is not a member.

Subject to and without waiving these or any of the General Objections, Mayo incorporates by reference its response to Interrogatory No. 4. Discovery is ongoing and Mayo reserves the right to supplement its answer to this Request as further information comes to its attention through investigation, discovery, or otherwise.

**REQUEST NO. 9:** Documents sufficient to show all purported notice(s) YOU provided to MAYO CLINIC HEALTH LETTER subscribers in Michigan informing them that YOU DISCLOSE their PERSONAL READING INFORMATION.

**RESPONSE:** Mayo objects to Request No. 9 on grounds that it is not limited in time or subject matter to the allegations in the Amended Complaint, and therefore seeks information that is not relevant to any party's claims or defenses, or proportional to the needs of the case.

Subject to and without waiving these or the General Objections, upon entry of a mutually agreed-upon protective order, Mayo will produce the notices provided to Plaintiff and other Michigan *Mayo Clinic Health Letter* subscribers during the relevant pre-July 31, 2016 time period regarding disclosure of their Personal Reading Information.

**REQUEST NO. 10:** Documents sufficient to show the number of subscribers to MAYO CLINIC HEALTH LETTER in Michigan who subscribed directly from YOU, including the number who subscribed from YOU by postcard.

**RESPONSE:** Mayo objects to Request No. 10 on grounds that it seeks information that is not relevant to any party's claims and defenses, and therefore seeks information that is not proportional to the needs of the case. Mayo further objects on grounds that the request is not limited in time, subject matter, or to individuals whose information was allegedly disclosed as alleged in the Amended Complaint, and is therefore overbroad, irrelevant, and not proportional. Mayo further objects to the extent

9

the request for "documents sufficient to show" is vague, ambiguous, and overbroad. Mayo objects to the extent that this request seeks information that is prohibited from disclosure by the Michigan Preservation of Personal Privacy Act.  Mayo also objects to the extent that this request seeks discovery of information regarding the putative class before the putative class has been certified, and seeks discovery regarding a putative class of which Plaintiff is not a member.

Subject to and without waiving these or the General Objections, upon entry of a mutually agreed-upon protective order, Mayo will produce documents that show the number of Michigan subscribers to *Mayo Clinic Health Letter* whose information was available for list rental during the relevant period.

**REQUEST NO. 11:**  Documents sufficient to show the number and identity of subscribers to MAYO CLINIC HEALTH LETTER who have requested YOU not DISCLOSE their PERSONAL READING INFORMATION.

**RESPONSE:** Mayo objects to Request No. 11 on grounds that it is not limited in time, subject matter, geographic scope, or to individuals whose information was allegedly disclosed as alleged in the Amended Complaint, and is therefore overbroad, irrelevant, and not proportional.  Mayo further objects to the extent the request for "documents sufficient to show" is vague, ambiguous, and overbroad.  Mayo objects to the extent that this request seeks information that is prohibited from disclosure by the Michigan Preservation of Personal Privacy Act.  Mayo also objects to the extent that this request seeks discovery of information regarding the putative class before the putative class has been certified, and seeks discovery regarding a putative class of which Plaintiff is not a member.

**REQUEST NO. 12:**  Documents sufficient to show the number and identity of Michigan subscribers to MAYO CLINIC HEALTH LETTER who have consented in writing to YOUR DISCLOSURES of their PERSONAL READING INFORMATION.

**RESPONSE:** Mayo objects to Request No. 12 on grounds that it is not limited in time, subject matter, or to individuals whose information was allegedly disclosed as alleged in the Amended Complaint, and is therefore overbroad, irrelevant, and not proportional.  Mayo further objects to the extent the request for "documents sufficient to show" is vague, ambiguous, and overbroad.  Mayo objects to the extent that this request seeks information that is prohibited from disclosure by the Michigan Preservation of Personal Privacy Act.  Mayo also objects to the extent that this request seeks discovery of information regarding the putative class before the putative class has been certified, and seeks discovery regarding a putative class of which Plaintiff is not a member.

Subject to and without waiving these or the General Objections, Mayo states that it is not currently aware of documents responsive to this request.  Discovery is ongoing and Mayo reserves the right to supplement its answer to this request as further information comes to its attention through investigation, discovery, or otherwise.

**REQUEST NO. 13:**  All documents and communications concerning any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse you for payments made to satisfy the judgment.

**RESPONSE:** Mayo objects on the grounds that Request No. 13 seeks information that is not relevant to any party's claim or defense or proportional to the needs of this case, because it seeks production of insurance information when coverage is not in dispute.

Subject to and without waiving these or the General Objections, Mayo has a self-insured retention of $10 million, with up to $125 million in additional potential coverage. Mayo has not been informed of a reservation of rights or controversy or coverage dispute.

**REQUEST NO. 14:**  Documents sufficient to show your document retention policies, including document retention or destruction policies with respect to e-mail or other electronically stored or recorded documents.

**RESPONSE:** Mayo objects to Request No. 14 on grounds that it is not limited to the matters at issue in this case, and is therefore overbroad and not proportional to the needs of this case.

Subject to and without waiving these or the General Objections, upon entry of a mutually agreed-upon protective order, Mayo will produce non-privileged, responsive retention policies related to the alleged rental, exchange, or disclosure of *Mayo Clinic Health Letter* Michigan subscribers' Private Reading Information to third parties during the relevant pre-July 31, 2016 time period.

**REQUEST NO. 15:**  All documents concerning forms and/or templates that YOU use to DISCLOSE subscribers' PERSONAL READING INFORMATION.

**RESPONSE:** Mayo objects to Request No. 15 on grounds that it seeks information that is not relevant to any party's claims or defenses, and is not proportional to the needs of this case.  Mayo further objects to the extent that such information is not in its possession and control.

Subject to and without waiving these or the General Objections, Mayo states that documents responsive to this request are not within its possession and control.

**REQUEST NO. 16:**  All documents and communications concerning the purpose(s) for which YOUR Michigan subscribers PERSONAL READING INFORMATION was DISCLOSED and/or used after DISCLOSURE.

**RESPONSE:**  Mayo objects to Request No. 16 on grounds that it seeks information that is not relevant to any party's claims or defenses, and is not proportional to the needs of this case.

**REQUEST NO. 17:**  Documents sufficient to show any DISCLOSURE, during the CLASS PERIOD, of any PERSONAL READING INFORMATION of PLAINTIFF to any entity.

**RESPONSE:**  Mayo objects to Request No. 11 to the extent the request for "documents sufficient to show" is vague, ambiguous, and overbroad.  Mayo further objects to the extent this request seeks information that is not in Mayo's possession and control.

Subject to and without waiving these or any of the General Objections, Mayo incorporates by reference its response to Interrogatory No. 4.  Upon entry of a mutually agreed-upon protective order, non-privileged, responsive documents related to Mayo's response to Interrogatory No. 4 in Mayo's possession, if any, will be produced. Discovery is ongoing and Mayo reserves the right to supplement its answer to this Request as further information comes to its attention through investigation, discovery, or otherwise

**REQUEST NO. 18:**  Copies of all issues of MAYO CLINIC HEALTH LETTER from the date of PLAINTIFF'S first subscriptions to July 31, 2016.

**RESPONSE:** Subject to and without waiving these or the General Objections, upon entry of a mutually agreed-upon protective order, Mayo will produce responsive documents.

**REQUEST NO. 19:** Documents and ESI sufficient to identify each purchaser of each subscription to MAYO CLINIC HEALTH LETTER on an account with a Michigan address, purchased on or before July 31, 2016.

**RESPONSE:** Mayo objects to Request No. 20 on grounds that it seeks information that is not relevant to any party's claims or defenses. Mayo further objects to this request on grounds that it is not limited in time, subject matter, or to individuals whose information was allegedly disclosed as alleged in the Amended Complaint, and is therefore overbroad, irrelevant, and not proportional. Mayo further objects to the extent the request for "documents and ESI sufficient to identify each purchaser" is vague, ambiguous, and overbroad. Mayo objects to the extent that such information is not in its possession and control. Mayo objects to the extent that this request seeks information that is prohibited from disclosure by the Michigan Preservation of Personal Privacy Act. Mayo also objects to the extent that this request seeks discovery of information regarding the putative class before the putative class has been certified, and seeks discovery regarding a putative class of which Plaintiff is not a member.

**REQUEST NO. 20:** All documents and ESI concerning any payment received on or before July 31, 2016 for a subscription to MAYO CLINIC HEALTH LETTER on an account with a Michigan address.

**RESPONSE:** Mayo objects to Request No. 20 on grounds that it seeks information that is not relevant to any party's claims or defenses. Mayo further objects to this request on grounds that it is not limited in time, subject matter, or to individuals

whose information was allegedly disclosed as alleged in the Amended Complaint, and is therefore overbroad, irrelevant, and not proportional.   Mayo further objects to the extent the request for "documents and ESI concerning any payment" is vague, ambiguous, and overbroad.  Mayo objects to the extent that such information is not in its possession and control.  Mayo objects to the extent that this request seeks information that is prohibited from disclosure by the Michigan Preservation of Personal Privacy Act.  Mayo also objects to the extent that this request seeks discovery of information regarding the putative class before the putative class has been certified, and seeks discovery regarding a putative class of which Plaintiff is not a member.

Subject to and without waiving these or the General Objections, Mayo will produce non-privileged responsive documents related to Plaintiff upon entry of a mutually-agreeable protective order.

Dated: February 10, 2023                    *Anupama D. Sreekanth*
                                            **FREDRIKSON & BYRON, P.A.**
                                            Gregory E. Karpenko
                                            (Admitted USDC-MIWD 1/19/2023)
                                            Anupama D. Sreekanth
                                            (Admitted USDC-MIWD 1/19/2023)
                                            200 South Sixth Street, Suite 4000
                                            Minneapolis, MN  55402-1425
                                            Telephone:  612.492.7000
                                            *gkarpenko@fredlaw.com*
                                            *asreekanth@fredlaw.com*

15

**MCDONALD HOPKINS PLC**
Michael G. Latiff (P51263)
39533 Woodward Avenue, Suite 318
Bloomfield Hills, MI 48304
(248) 646-5070
mlatiff@mcdonaldhopkins.com

*Attorneys for Defendant*

78108710

16