# EXHIBIT 9

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Michigan

JEFFREY SCHREIBER,
*Plaintiff,*

v.   Civil Action No. 2:22-cv-00188-HYJ-RSK

MAYO FOUNDATION FOR MEDICAL EDUCATION AND RESEARCH,
*Defendant.*

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: SFG, LLC, 111 Corporate Drive, Big Sandy, Texas 75755
*(Name of person to whom this subpoena is directed)*

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
 See Schedule A attached hereto.

| Place: Hedin Hall LLP, 1395 Brickell Avenue, Suite 1140 Miami, FL 33131 | Date and Time: June 21, 2023 |
|---|---|

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 1, 2023

*CLERK OF COURT*

OR  /s/ Frank Hedin

_____   _____
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing Plaintiff and the putative class, who issues or requests this subpoena, are: Frank S. Hedin, Hedin Hall LLP, 1395 Brickell Ave, Ste 1140, Miami, FL 33131, 305-357-2107, fhedin@hedinhall.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 2:22-cv-00188-HYJ-RSK   ECF No. 55-10, PageID.2849   Filed 12/04/23   Page 3 of 14

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00188-HYJ-RSK

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 2:22-cv-00188-HYJ-RSK   ECF No. 55-10, PageID.2850   Filed 12/04/23   Page 4 of 14

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

### Schedule A

### DEFINITIONS

The following definitions and instructions are incorporated by referenced whenever applicable in this document:

1. The term "SFG" shall be construed to mean SFG, LLC and all of its past and present subsidiaries, divisions, parents, agents, affiliates, officers, directors, attorneys, and employees, including but not limited to Eric Wilson, David Wilson, Karl Wilson, Tony Pytlak, Ken Smith, and Mark Ray.

2. The term "CRI" shall be construed to mean Commerce Register, Inc., and all of its past and present subsidiaries, divisions, parents, agents, affiliates, officers, directors, attorneys, and employees, including but not limited to Gus Gonzalez and Bob Schweighardt.

3. The term "RMI" shall be construed to mean RMI Direct Marketing, Inc., and all of its past and present subsidiaries, divisions, parents, agents, affiliates, officers, directors, attorneys, and employees, including but not limited to Courtney Kowcheris and Rob Kenny.

4. The term "ESI" shall mean electronically stored information.

5. The term "Mayo" shall be construed to mean Mayo Foundation for Medical Education and Research, and all of its past and present subsidiaries, divisions, parents, agents, affiliates, officers, directors, attorneys, and employees, including but not limited to Gregory Shevlin and Gary Peterson.

6. The term "PPPA" shall be construed to mean Michigan's Preservation of Personal Privacy Act.

7. The term "Private Reading Information" shall be construed to mean information pertaining to a purchaser of or subscriber to any of Mayo's publications (including without limitation Mayo Clinic Health Letter and/or any books published or sold by Mayo), including but

not limited to name, information indicating the publication(s) subscribed to or purchased, address(es), e-mail address(es), telephone number(s), and/or any other information pertaining to the subscriber or purchaser.

8.    "Jeffrey Schreiber" shall be construed to mean the Plaintiff in this action named Jeffrey Schreiber, who resides (and during the relevant time period resided) in Michigan, including at (but not limited to) the address of 42280 Wilson Memorial Drive, Apt.8, Chassell, MI 49916, and who has one or more email addresses, including but not limited to jeff@jeffschreiber.com, and telephone numbers, including but not limited to 906-231-2834.

9.    Unless otherwise stated in a request, all documents, communications, and ESI requested are those sent, received, prepared, or otherwise generated between June 18, 2016 through July 31, 2016, or that refer or relate to that time period or to a document, communication, or ESI sent, received, prepared, or otherwise generated in that time period, regardless of its date of transmission, receipt, preparation, or generation. If a document, communication, or ESI is undated and the date of its transmission, receipt, preparation or generation cannot be determined, the document, communication, or ESI shall be produced if otherwise responsive to these requests. Documents, communications, or ESI responsive to these requests that are available in archive or backup locations shall be restored from archive or backup.

10.    Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary plain meaning.

## DOCUMENTS REQUESTED

**Document Request No. 1**

All contracts, agreements, statements of work, or the like (and all exhibits and amendments thereto) between SFG and Mayo.

**Document Request No. 2**

All documents, communications, and ESI exchanged between SFG and Mayo concerning the transmission, suppression, or receipt of the Private Reading Information of Jeffrey Schreiber and/or of any other Mayo customers or subscribers in Michigan, including but not limited to copies of such transmissions, suppressions, and/or receipts, as well as documents, communications, and ESI concerning when such transmissions, suppressions, and/or receipts occurred.

**Document Request No. 3**

All documents, communications, and ESI (in original native format) containing Jeffrey Schreiber's Private Reading Information.

**Document Request No. 4**

All documents, communications, and ESI (in original native format) containing the Private Reading Information of any Mayo customer(s) or subscriber(s) in Michigan.

**Document Request No. 5**

All documents, communications, and ESI (in original native format) exchanged between SFG and any other person, including without limitation Mayo, CRI and RMI, that contain the Private Reading Information of Jeffrey Schreiber and/or of any other Mayo customer(s) or subscriber(s) in Michigan.

**Document Request No. 6**

All documents, communications, and ESI (regardless of date) concerning Jeffrey Schreiber.

**Document Request No. 7**

Documents, communications, and ESI sufficient to identify any third party to whom SFG disclosed, transmitted, leased, licensed, rented, and/or sold, or from whom SFG received and/or obtained, Jeffrey Schreiber's Private Reading Information, as well as documents, communications and ESI sufficient to identify when such disclosures, transmissions, leases, licenses, rentals, sales, and/or receipts occurred.

**Document Request No. 8**

All contracts, agreements, statements of work, or the like (and all exhibits and amendments thereto) between SFG and each of the third parties identified in the documents, communications, or ESI responsive to Request No. 7 above.

**Document Request No. 9**

All documents, communications, and ESI exchanged between SFG and each of the third parties identified in the documents responsive to Request No. 7 above concerning the transmission, suppression, and/or receipt of Jeffrey Schreiber's Private Reading Information, including but not limited to copies of any documents, communications, or ESI (in original native format) containing the Private Reading Information of Jeffrey Schreiber that were exchanged between SFG and each of the third parties identified in the documents, communications, or ESI responsive to Request No. 7 above.

**Document Request No. 10**

Documents, communications, and ESI sufficient to identify any third party to whom SFG disclosed, transmitted, leased, licensed, rented, and/or sold, or from whom SFG received and/or obtained, the Private Reading Information of any Mayo customer(s) or subscriber(s) in Michigan, as well as documents, communications and ESI sufficient to identify when such disclosures, transmissions, leases, licenses, rentals, sales, and/or receipts occurred.

**Document Request No. 11**

All contracts, agreements, statements of work, or the like (and all exhibits and amendments thereto) between SFG and each of the third parties identified in the documents responsive to Request No. 10 above.

**Document Request No. 12**

All documents, communications, and ESI exchanged between SFG and each of the third

parties identified in the documents responsive to Request No. 10 above concerning the transmission, suppression, and/or receipt of the Private Reading Information of any Mayo customer or subscriber in Michigan, including but not limited to copies of any documents, communications, or ESI (in original native format) containing the Private Reading Information of any Mayo customer or subscriber in Michigan that were exchanged between SFG and each of the third parties identified in the documents, communications, or ESI responsive to Request No. 10 above.

**Document Request No. 13**

All documents, communications, and ESI (regardless of date) concerning the action entitled *Schreiber v. Mayo Foundation for Medical Education and Research*, Case No. 2:22-cv-00188-HYJ-RSK (W.D. Mich.) (the "*Schreiber* Action"), including but not limited to all documents, communications, and ESI concerning the date on which SFG first learned of the *Schreiber* Action, all documents, communications, and ESI exchanged between SFG and Mayo (inclusive of all the agents, representatives, employees, and attorneys of the foregoing) concerning the *Schreiber* Action and/or the subject matter of the *Schreiber* Action, and all documents, communications, and ESI concerning any efforts, measures, and/or steps SFG has taken to preserve documents, communications, and ESI that have a reasonably likelihood of being relevant to the *Schreiber* Action.

**Document Request No. 14**

All contracts, agreements, statements of work, or the like (and all exhibits and amendments thereto) between SFG and CRI concerning services provided to or performed for Mayo.

**Document Request No. 15**

All contracts, agreements, statements of work, or the like (and all exhibits and amendments thereto) between SFG and RMI concerning services provided to or performed for Mayo.

**Document Request No. 16**

All documents, communications, and ESI exchanged between SFG and CRI concerning the transmission, suppression, or receipt of the Private Reading Information of Jeffrey Schreiber and/or of any other Mayo customers or subscribers in Michigan, including but not limited to copies of such transmissions, suppressions, and/or receipts, as well as documents, communications, and ESI concerning when such transmissions, suppressions, and/or receipts occurred.

**Document Request No. 17**

All documents, communications, and ESI exchanged between SFG and RMI concerning the transmission, suppression, or receipt of the Private Reading Information of Jeffrey Schreiber and/or of any other Mayo customers or subscribers in Michigan, including but not limited to copies of such transmissions, suppressions, and/or receipts, as well as documents,

communications, and ESI concerning when such transmissions, suppressions, and/or receipts occurred.

**Document Request No. 18**

All documents, communications, and/or ESI concerning Mayo customers or subscribers, including without limitation monthly "rental files", .zip files, and/or any other type of files and/or data, that were "posted to", uploaded to, or other otherwise made accessible on any server used, operated, and/or maintained by SFG, including without limitation to the secure FTP server accessible at host name sfts.sfgnetwork.com and/or at the URL https://sfts.sfgnetwork.com/webclient/Login.xhtml, at any time between May 1, 2016 and July 30, 2016. By way of example and without limitation, the file titled mmvlr20160622.zip that was posted to SFG's secure FTP server in June 2016 is responsive to this request.

**Document Request No. 19**

All documents, communications, and/or ESI (regardless of date) concerning the materials responsive to Request No. 18 above, including without limitation all documents, communications, and ESI (including server log files) identifying any person, entity, and/or device who provided, uploaded, accessed, downloaded, received, transmitted, and/or sent each of the documents, communications, and/or ESI (including files and/or data) responsive to Request No. 18 above, as well as copies of all emails or other communications, documents, and/or ESI exchanged between SFG and any other person or entity concerning any of the materials responsive to Request No. 18 above. By way of example and without limitation, the e-mail sent by Eric Wilson of SFG to Gus Gonzalez and Bob Schweighardt of CRI and Gregory Shevlin of

Mayo on June 22, 2016 is responsive to this request.

**Document Request No. 20**

Documents, communications, and/or ESI (regardless of date) sufficient to identify the entity(ies) who owned, housed, and/or maintained the secure FTP server accessible at host name sfts.sfgnetwork.com and/or at the URL https://sfts.sfgnetwork.com/webclient/Login.xhtml between May 1, 2016 and July 30, 2016, as well as copies of all contracts, agreements, statements of work, and the like between SFG and each such entity.

**Document Request No. 21**

All documents, communications, and/or ESI (regardless of date) concerning the preservation, retention, destruction, deletion, archiving, backing up, and/or restoration of any of the documents, communications, and/or ESI (including files and/or data) responsive to Request No. 18 above.

**Document Request No. 22**

All documents, communications, and/or ESI concerning the suppression of the Private Reading Information of Jeffrey Schreiber and/or of any other Mayo customers or subscribers in Michigan from any of the files responsive to Request No. 18 above.

**Document Request No. 23**

All documents, communications, and ESI (regardless of date) concerning SFG's policies and/or procedures concerning the retention, preservation, archiving, backing up, destruction,

and/or restoration of data (including documents, communications, and ESI (including files, data, and/or server logs)), as well as all documents, communications, and ESI (regardless of date) concerning SFG's retention, preservation, archiving, backing up, destruction, and/or restoration of data (including documents, communications, and ESI (including files, data, and/or server logs)) responsive to this subpoena.

**Document Request No. 24**

All documents, communications, and ESI (regardless of date) concerning the PPPA.

**Document Request No. 25**

All documents and communications (regardless of date) concerning any policies of insurance (including corresponding declarations pages) that may provide insurance coverage (either directly as an insured or indirectly pursuant to any duty to provide indemnification) to SFG or Mayo for the defense of or any liability incurred in the *Schreiber* Action.