# EXHIBIT 10

**SFG RESPONSE TO SCHREIBER SUBPOENA**
**Civil Action No. 2:22-cv-00188-HYJ-RSK**

**Document Request No. 1**

All contracts, agreements, statements of work, or the like (and all exhibits and amendments thereto) between SFG and Mayo.

**Response:  Please see SFG001-091 and SFG203-287.**

**Document Request No. 2**

All documents, communication, and ESI exchanged between SFG and Mayo concerning the transmission, suppression, or receipt of the Private Reading Information of Jeffrey Schreiber and/or any other Mayo customers or subscribers in Michigan, including but not limited to copies of such transmissions, suppressions, and/or receipts, as well as documents, communications, and ESI concerning when such transmissions, suppressions, and/or receipts occurred.

**Response:  Please see SFG092-125 and SFG170-202.**

**Document Request No. 3**

All documents, communications, and ESI (in original native format) containing Jeffrey Schreiber's Private Reading Information.

**Response:  Please see SFG127-134.**

**Document Request No. 4**

All documents, communications, and ESI (in original native format) containing the Private Reading Information of any Mayo customer(s) or subscriber(s) in Michigan.

**Response:  Objection.  Said request is irrelevant, vague, unduly burdensome, not likely to lead to the discovery of admissible evidence and said information is confidential and private and disclosing may have severe negative business repercussions.  Without waiving said objection, SFG has recently transferred the zip files containing Private Reading Information that SFG sent to CRI in May - July of 2016 as well as Michigan customers during the relevant time frame to Mayo so that Plaintiff and Mayo can determine if said information shall be shared and under what protections.**

**Document Request No. 5**

All documents, communications, and ESI (in original native format) exchanged between SFG and any other person, including without limitation Mayo, CRI and RMI, that contain the Private Reading Information of Jeffrey Schreiber and/or any other Mayo customer(s) or subscriber(s) in Michigan.

**Response:  Please see response to Document Request No. 2, 3 and 4.**

**Document Request No. 6**

All documents, communications, and ESI (regardless of date) concerning Jeffrey Schreiber.

**Response:  Please see response to Document Request No. 2, 3 and 4.**

**Document Request No. 7**

Documents, communications, and ESI sufficient to identify any third party to whom SFG disclosed, transmitted, leased, licensed, rented, and/or sold, or from whom SFG received and/or obtained, Jeffrey Schreiber's Private Reading Information, as well as documents, communications and ESI sufficient to identify when such disclosures, transmissions, leases, licenses, rentals, sales, and/or receipts occurred.

**Response: Please see response to Document Request No. 2, 3 and 4.**

**Document Request No. 8**

All contracts, agreements, statements of work, or the like (and all exhibits and amendments thereto) between SFG and each of the third parties identified in the documents, communications, or ESI responsive to Request No. 7 above.

**Response: SFG is not currently aware of any documents responsive to this request.**

**Document Request No. 9**

All documents, communications, and ESI exchanged between SFG and each of the third parties identified in the documents responsive to Request No. 7 above concerning the transmission, suppression, and/or receipt of Jeffrey Schreiber's Private Reading Information, including but not limited to copies of any documents, communications, or ESI (in original native format) containing the Private Reading Information of Jeffrey Schreiber that were exchanged between SFG and each of the third parties identified in the documents, communications, or ESI responsive to Request No. 7 above.

**Response: Please see response to Document Request No. 2, 3 and 4.**

**Document Request No. 10**

Documents, communications, and ESI sufficient to identify any third party to whom SFG disclosed, transmitted, leased, licensed, rented, and/or sold, or from whom SFG received and/or obtained, the Private Reading Information of any Mayo customer(s) or subscriber(s) in Michigan, as well as documents, communications and ESI sufficient to identify when such disclosures, transmissions, leases, rentals, sales, and/or receipts occurred.

**Response: Please see response to Document Request No. 2.**

**Document Request No. 11**

All contracts, agreements, statements of work, or the like (and all exhibits and amendments thereto) between SFG and each of the third parties identified in the documents responsive to Request No. 10 above.

**Response: SFG is not currently aware of any documents responsive to this request.**

**Document Request No. 12**

   All documents, communication, and ESI exchanged between SFG and each of the third parties identified in the documents responsive to Request No. 10 above concerning the transmission, suppression, and/or receipt of the Private Reading Information of any Mayo customer or subscriber in Michigan, including but not limited to copies of any documents, communications, or ESI (in original native format) containing the Private Reading Information of any Mayo customer or subscriber in Michigan that were exchanged between SFG and each of the third parties identified in the documents, communications, or ESI responsive to Request No. 10 above.

   **Response:  Please see response to Document Request No. 2, 3 and 4.**

## Document Request No. 13

   All documents, communications, and ESI (regardless of date) concerning the action entitled Schreiber v. Mayo Foundation for Medical Education and Research, Case No. 2:22-cv-00188-HYJ-RSK (W.D. Mich.) (the "Schreiber Action"), including but not limited to all documents, communications, and ESI concerning the date on which SG first learned of the Schreiber Action, all documents, communications and ESI exchanged between SFG and Mayo (inclusive of all the agents, representatives, employees, and attorneys of the foregoing) concerning the Schreiber Action and/or the subject matter of the Schreiber Action, and all documents, communications, and ESI concerning any efforts, measures, and/or steps SFG has taken to preserve documents, communications, and ESI that have a reasonably likelihood of being relevant to the Schreiber Action.

   **Response:  Please see SFG135-169.**

## Document Request No. 14

   All contracts, agreements, statements of work, or the like (and all exhibits and amendments thereto) between SFG and CRI concerning services provided to or performed for Mayo.

   **Response:  SFG is not currently aware of any documents responsive to this request.**

## Document Request No. 15

   All contracts, agreements, statements of work, or the like (and all exhibits and amendments thereto) between SFG and RMI concerning services provided to or performed for Mayo.

   **Response:  SFG is not currently aware of any documents responsive to this request.**

## Document Request No. 16

   All documents, communications, and ESI exchanged between SFG and CRI concerning the transmission, suppression, or receipt of the Private Reading Information of Jeffrey Schreiber and/or any other Mayo customers or subscribers in Michigan, including but not limited to copies of such transmissions, suppressions, and/or receipts, as well as documents, communications, and ESI concerning when such transmissions, suppressions and/or receipts occurred.

   **Response:  Please see response to Document Request No. 2, 3 and 4.**

**Document Request No. 17**

All documents, communications, and ESI exchanged between SFG and RMI concerning the transmission, suppression, or receipt of the Private Reading Information of Jeffrey Schreiber and/or any other Mayo customers or subscribers in Michigan, including but not limited to copies of such transmission, suppressions, and/or receipts, as well as documents, communications, and ESI concerning when such transmissions, suppressions, and/or receipts occurred.

**Response:  Please see response to Document Request No. 2, 3 and 4.**

**Document Request No. 18**

All documents, communications, and/or ESI concerning Mayo customers or subscribers including without limitation monthly "rental files", .zipfiles, and/or any type of files and/or date, that were "posted to", uploaded to, or otherwise made accessible on any server, used, operated, and/or maintained by SFG, including without limitation to the secure FTP server accessible at hose name sfts.sfgnetwork.com and/or at the URL https://sfts.sfgnetwork.com/webclient/Login.xhtrml, at any time between May 1, 2016 and July 30, 2016.  By way of example and without limitation, the file titled mmvlr20160622.zip that was posted to SG's secure FTP server in June 2016 is responsive to this request.

**Response:  Please see response to Document Request No. 2, 3 and 4.**

**Document Request No. 19**

All documents, communications, and/or ESI (regardless of date) concerning the materials responsive to Request No. 18 above, including without limitation all documents, communication, and ESI (including server log files) identifying any person, entity, and/or device who provided, uploaded, accessed, downloaded, received, transmitted, and/or sent each of the documents, communications, and/or ESI (including files and/or data) responsive to Request No. 18 above, as well as copies of all emails or other communications, documents, and/or ESI exchanged between SFG and any other person or entity concerning any of the materials responsive to Request No. 18 above.  By way of example and without limitation, the email sent by Eric Wilson of SFG to Gus Gonzalez and Bob Schweighardt of CRI and Gregory Shevlin of Mayo on June 22, 2016 is responsive to this request.

**Response:  Please see response to Document Request No. 2, 3 and 4.**

**Document Request No. 20**

Documents, communications, and/or ESI (regardless of date) sufficient to identify the entity(ies) who owned, housed, and/or maintained the secure FTP server accessible at host name sfts.sfgnetwork.com and/or at the URL https://sfts.sfgnetwork.com/webclient/Login.xhtml between May 1, 2016 and July 30, 2016, as well as copies of all contracts, agreements, statements of work, and the like between SFG and each such entity.

**Response:  Please see SFG288-290.**

**Document Request No. 21**

All documents, communications, and/or ESI (regardless of date) concerning the preservation, retention, destruction, deletion, archiving, backing up, and/or restoration of any of the documents, communications, and/or ESI (including files and/or data) responsive to Request No. 18 above.

**Response:  Please see response to Document Request No. 2, 3 and 4.**

**Document Request No. 22**

All documents, communications, and/or ESI concerning the suppression of the Private Reading Information of Jeffrey Schreiber and/or any other Mayo customers or subscribers in Michigan from ant of the files responsive to Request No. 18 above.

**Response: Please see response to Document Request No. 2, 3 and 4.**

**Document Request No. 23**

All documents, communications, and ESI (regardless of date) concerning SFG's policies and/or procedures concerning the retention, preservation, archiving, backing up, destructions and/or restoration of data (including documents, communications, and ESI (including files, data, and/or server logs)), as well as all documents, communications, and ESI (regardless of date) concerning SFG's retention, preservation, archiving, backing up, destruction, and/or restoration of data (including documents, communications, and ESI (including files, data, and/or server logs)) responsive to this subpoena.

**Response:  SFG objects to producing internal policy documents as the same is irrelevant, vague, unduly burdensome and not likely to lead to the discovery of admissible evidence.**

**Document Request No. 24**

All documents, communications, and ESI (regardless of date) concerning the PPPA.

**Response:  Objection.  Said request is vague, unduly burdensome, and not likely to lead to the discovery of admissible evidence.  Without waiving said objection, please see all discovery responses provided.**

**Document Request No. 25**

All documents and communications (regardless of date) concerning any policies of insurance (including corresponding declarations pages) that may provide insurance coverage (either directly as an insured or indirectly pursuant to any duty to provide indemnification) to SFG or Mayo for the defense of or any liability incurred in the Schreiber Action.

**Response:  SFG objects to producing insurance policy documents as the same is irrelevant, vague, unduly burdensome and not likely to lead to the discovery of admissible evidence.**