# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JEFFREY SCHREIBER; RICHARD COLONY; KAY VREDEVELD; and MICHAEL SURNOW, individually and on behalf of all others similarly situated, | CASE NO. 2:22-cv-00188-HYJ-RSK |
| Plaintiffs, | CLASS ACTION |
| v. | DECLARATION OF SCOTT M. FENWICK OF KROLL SETTLEMENT ADMINISTRATION LLC IN CONNECTION WITH FINAL APPROVAL OF SETTLEMENT |
| MAYO FOUNDATION FOR MEDICAL EDUCATION AND RESEARCH | Date: May 29, 2024 Time: 9:00 AM Dept: 128 Federal Building |
| Defendant. | The Hon. Hala Y. Jarbou |

I, Scott M. Fenwick, declare as follows:

## INTRODUCTION

1.　　I am a Senior Director of Kroll Settlement Administration LLC ("Kroll"),[1] the Settlement Administrator appointed in the above-captioned case, whose principal office is located at 2000 Market Street, Suite 2700, Philadelphia, Pennsylvania 19103. I am over 21 years of age and am authorized to make this declaration on behalf of Kroll and myself. The following statements are based on my personal knowledge and information provided by other experienced Kroll employees working under my general supervision. This declaration is being filed in connection with final approval of the settlement.

2.　　Kroll has extensive experience in class action matters, having provided services in class action settlements involving antitrust, securities fraud, labor and employment, consumer, and government enforcement matters.  Kroll has provided notification and/or claims administration services in more than 3,000 cases.

## BACKGROUND

3.　　Kroll was appointed as the Settlement Administrator to provide notification and claims administration services in connection with that certain Class Action Settlement Agreement (the "Settlement Agreement") entered into this Action. Kroll's duties in connection with the settlement have and will include: (a) preparing and sending notices in connection with the Class Action Fairness Act; (b) receiving and analyzing the Class List from Defendant's Counsel (c) creating a Settlement Website with online claim filing capabilities; (d) establishing a toll-free telephone number; (e) establishing a post office box for the receipt of mail; (f) preparing and sending the Notice via first-class mail; (g) receiving and processing mail from the United States Postal Service ("USPS") with forwarding addresses; (h) receiving and processing undeliverable mail, without a forwarding address, from the USPS; (i) receiving and processing Claim Forms;

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Settlement Agreement as defined below.

(j) receiving and processing opt outs, and (k) such other tasks as counsel for the Parties or the Court request Kroll to perform.

## NOTICE PROGRAM

### The CAFA Mailing

4.      As noted above, on behalf of the Defendant, Kroll provided notice of the proposed settlement pursuant to the Class Action Fairness Act, 28 U.S.C. §1715(b) ("the CAFA Notice"). At Defendant's Counsel's direction, on February 23, 2024, Kroll sent the CAFA Notice identifying the documents required, a true and correct copy of which is attached hereto as **Exhibit A**, via first-class certified mail, to (a) the Attorney General of the United States, and (b) the one (1) state Attorney General, identified in the service list for the CAFA Notice, attached hereto as **Exhibit B**. The CAFA Notice directed the Attorneys General to the website www.CAFANotice.com, a site that contains all the documents relating to the settlement referenced in the CAFA Notice.

### Data and Case Setup

5.      On February 28, 2024, Kroll received two (2) data files from the Defendant. The first file contained 36,531 customer numbers, names, and mailing addresses for Settlement Class Members. The second file contained 35,864 customer numbers, names, and mailing addresses for Settlement Class Members. Kroll undertook several steps to reconcile the two lists and compile the eventual Class List for the mailing of Notices. This included de-duping and performing a roll-up of individuals with multiple customer numbers. Following these efforts, Kroll arrived at 62,939 unique customer numbers. After consultation with Class Counsel and Defendant's Counsel (collectively "Counsel"), Defendant's Counsel provided Kroll an additional data file containing 62,746 customer numbers and mailing addresses. Kroll reconciled this data file with the original two (2) data files to arrive at an amount of 62,746 unique Settlement Class Members. Additionally, in an effort to ensure that Notices would be deliverable to Settlement Class Members, Kroll ran the Class List through the USPS's National Change of Address ("NCOA") database and updated the Class List with address changes received from the NCOA. Additionally, at the direction of Counsel, Kroll ran the Class List through a deceased search and updated the records to reflect the

deceased status for Settlement Class Members on the Class List. For records that were flagged as deceased and at the direction of Counsel, Kroll addressed their Notices to "the estate of" the deceased.

6.    On February 23, 2024, Kroll created a dedicated Settlement Website entitled www.healthletterpppasettlement.com. The Settlement Website "went live" on March 1, 2024, and contains, among other things, information about the settlement, copies of the Settlement Agreement, the long-form Notice, the Preliminary Approval Order, the exclusion form, the motion for Service Awards and Fee Award, as well as contact information for the Settlement Administrator, answers to frequently asked questions, important dates and deadlines, including the Objection/Exclusion Deadline, the Claims Deadline, and the Final Approval Hearing date, and provided Settlement Class Members with web-based forms for electing to receive Cash Awards by electronic means and updating postal addresses to which Cash Awards should be sent after the settlement becomes Final.

7.    On February 23, 2024, Kroll established a toll-free telephone number, (833) 425-9990, for Settlement Class Members to call and obtain additional information regarding the settlement through an Interactive Voice Response ("IVR") system with a voicemail set up that allows callback from a live operator. As of May 14, 2024, the IVR system has received 220 calls.

8.    On February 23, 2024, Kroll designated a post office box with the mailing address *Schreiber et al. v. Mayo Foundation*, c/o Kroll Settlement Administration LLC, PO Box 5324, New York, NY 10150-5324, in order to receive requests for exclusion and correspondence from Settlement Class Members.

**The Notice Program**

9.     On March 20, 2024, Kroll caused 62,746 Notices to be mailed via first-class mail. A true and correct copy of the Notice, along with the long-form Notice and Claim Form, are attached hereto as **Exhibits C, D, and E,** respectively.

## NOTICE PROGRAM REACH

10.      As of May 14, 2024, 240 Notices were returned by the USPS with a forwarding address.  Of those, 183 Notices were automatically re-mailed to the updated addresses provided by the USPS.  The remaining fifty-seven (57) Notices have been re-mailed by Kroll to the updated address provided by the USPS.

11.      As of May 14, 2024, 9,272 Notices were returned by the USPS as undeliverable as addressed, without a forwarding address. Kroll ran 9,251 undeliverable records through an advanced address search.  The remaining twenty-one (21) Notices will be run through an advanced address search. The advanced address search produced 5,878 updated addresses.  Kroll has re-mailed Notices to 5,878 updated addresses obtained from the advanced address search.  Of the 5,878 re-mailed Notices, 988 have been returned as undeliverable a second time.

12.      Based on the foregoing, following all Notice re-mailings, Kroll has reason to believe that Notices likely reached 58,364 of the 62,746 persons to whom Notice was mailed, which equates to a reach rate of the direct mail notice of approximately 93.02%.  This reach rate is consistent with other court-approved, best-practicable notice programs and Federal Judicial Center Guidelines, which state that a notice plan that reaches[2] over 70% of targeted class members is considered a high percentage and the "norm" of a notice campaign.[3]  The table below provides an overview of dissemination results for the direct notice program.

---

[2] FED. JUD. CTR., *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* (2010), *available at* https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf. The guide suggests that the minimum threshold for adequate notice is 70%.

[3] Barbara Rothstein and Thomas Willging, Federal Judicial Center Managing Class Action Litigation:  A Pocket Guide for Judges, at 27 (3d Ed. 2010).

| Direct Notice Program Dissemination & Reach | | |
|---|---|---|
| **Description** | **Volume of Settlement Class Members** | **Percentage of Settlement Class Members** |
| Settlement Class Members | 62,746 | 100.0% |
| **Initial Notice Mailing** | | |
| (+) Notices Mailed (Initial Campaign) | 62,746 | 100% |
| (-) Total Notices returned as undeliverable | (9,272) | 14.77% |
| **Supplemental Notice Mailing** | | |
| (+) Total Unique Notices Re-mailed | 5,878 | 9.37% |
| (-) Total Undeliverable (Re-Mailed) Notices | (988) | 1.57% |
| **Direct Notice Program Reach** | | |
| (=) Received Direct Notice | 58,364 | 93.02% |

## EXCLUSIONS AND OBJECTIONS

13.     The Objection/Exclusion Deadline was May 13, 2024.

14.     Kroll has received fourteen (14) timely requests for exclusions. A list of the exclusion requests received is attached hereto as **Exhibit F.** Settlement Class Members were not instructed to submit their objection to the Settlement Administrator, and none have been received by Kroll.

## CERTIFICATION

I declare under penalty of perjury under the laws of the United States that the above is true and correct to the best of my knowledge and that this declaration was executed on May 14, 2024, in Inver Grove Heights, Minnesota.

_Scott M. Fenwick_
SCOTT M. FENWICK

# Exhibit A



VIA U.S. MAIL

Date:    February 23, 2024

To:    All "Appropriate" Federal and State Officials Per 28 U.S.C. § 1715
(*see attached service list*)

Re:    CAFA Notice for the proposed settlement in *Schreiber et al. v. Mayo Foundation for Medical Education and Research*, Case No. 2:22-cv-00188-HYJ-RSK, pending in the United State District Court for the Western District of Michigan

Pursuant to Section 3 of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, Defendant, Mayo Foundation for Medical Education and Research ("Defendant" or "Mayo") hereby notifies you of the proposed settlement of the above-captioned action (the "Action"), currently pending in the United States District Court for the Western District of Michigan (the "Court").

Eight items must be provided to you in connection with any proposed class action settlement pursuant to 28 U.S.C. § 1715(b). Each of these items is addressed below, and all exhibits are available for download at www.CAFANotice.com under the folder entitled *Schreiber et al. v. Mayo Foundation for Medical Education and Research*:

1.    28 U.S.C. § 1715(b)(l) – a copy of the complaint and any materials filed with the complaint and any amended complaints.

The Class Action Complaint, First Amended Complaint, Second Amended Complaint and Third Amended Complaint are available as **Exhibit A**, **A1**, **A2**, **A3**.

2.    28 U.S.C. § 1715(b)(2) – notice of any scheduled judicial hearing in the class action.

On February 16, 2024, Plaintiff filed a motion for preliminary approval of the class action settlement, which was granted by Order dated February 21, 2024. The Court has scheduled the Final Approval Hearing for this matter May 29, 2024. The proposed Preliminary Approval Order is available as **Exhibit B**.

3.    28 U.S.C. § 1715(b)(3) – any proposed or final notification to class members.

Copies of the proposed short form Notice, postcard Notice, long form Notice and the Claim Form will be provided to Settlement Class Members and will be available on the Settlement Website created for the administration of this matter. These are available as **Exhibits C**, **D**, **E** and **F** respectively. The Notices describe, among

other things, the claim submission process and the Settlement Class Members' rights to object or exclude themselves from the Settlement Class.

4.    28 U.S.C. § 1715(b)(4) – any proposed or final class action settlement.

The Settlement Agreement is available as **Exhibit G**.

5.    28 U.S.C. § 1715(b)(5) – any settlement or other agreement contemporaneously made between class counsel and counsel for defendants.

There are no other settlements or other agreements between Class Counsel and Defendant's Counsel beyond what is set forth in the Settlement Agreement.

6.    28 U.S.C. § 1715(b)(6) – any final judgment or notice of dismissal.

The Court has not yet entered a Final Judgment or notice of dismissal. Accordingly, no such document is presently available.

7.    28 U.S.C. § 1715(b)(7) – (A) If feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate State official; or (B) if the provision of the information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement.

The definition of the Settlement Class in the proposed Settlement Agreement means all Michigan direct purchasers of the *Mayo Clinic Health Letter* whose information was included on the following lists obtained in discovery: MAY_Schreiber_000533 and MAYO_Schreiber_000519. As revealed in discovery, these lists (MAYO_Schreiber_000533 and MAYO_Schreiber_000519) identify 62,746 Michigan direct purchasers of *Mayo Clinic Health Letter* whose Michigan Subscriber Information was transmitted to third parties between June 16, 2016, and July 30, 2016. Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely  request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons. The names and addresses of all Persons who fall within the definition of the Settlement Class are reflected on the Class List attached as Exhibit A.

The complete list and counts by state of Settlement Class Members is not known.

8.    28 U.S.C. § 1715(b)(8) – any written judicial opinion relating to the materials described in 28 U.S.C. § 1715(b) subparagraphs (3) through (6).

The Preliminary Approval Order is available as **Exhibit H**.

If you have any questions about this notice, the Action, or the materials available for download at www.CAFANotice.com under the folder entitled *Schreiber et al. v. Mayo Foundation for Medical Education and Research*, please contact the undersigned below.

Respectfully submitted,

T. Steven Smith
Senior Manager
T.Steven.Smith@kroll.com

# Exhibit B

## CAFA NOTICE SERVICE LIST

**U.S. Attorney General**
Merrick B. Garland
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530

**Michigan Attorney General**
Dana Nessel
P.O. Box 30212
525 W. Ottawa St.
Lansing, MI 48909

Exhibit C

c/o Kroll Settlement Administration
P.O. Box 5324
New York, NY 10150-5324

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

Electronic Service Requested

**COURT AUTHORIZED NOTICE
OF CLASS ACTION AND
PROPOSED SETTLEMENT**

**By Order of the Court Dated:
February 21, 2024**

<<Barcode>>

Class Member ID: <<Refnum>>

**Postal Service: Please do not mark or cover barcode**

<<Fullname>>
<<FirstName>> <<LastName>>
<<Address1>>
<<Address2>>
<<City>>, <<State>> <<Zip>>-<<zip4>>

## MAYO CLINIC HEALTH LETTER SETTLEMENT

**Our records indicate you have subscribed to the Mayo Clinic Health Letter and may be entitled to a payment from a Class Action Settlement.**

A settlement has been reached in a class action lawsuit (hereinafter the "Settlement") claiming that Defendant, Mayo Foundation for Medical Education and Research ("Mayo"), disclosed its customers' subscription information to third parties, which is alleged to violate Michigan privacy law. **While Mayo believes that its practices were in compliance with Michigan law, Mayo chose to settle this case, without admitting liability, to avoid additional legal fees and the time required to defend the lawsuit.**

**Am I a Class Member?** Our records indicate you are a Settlement Class Member. Settlement Class Members are direct purchasers of *Mayo Clinic Health Letter* whose information was included on the lists obtained in discovery that were transmitted to third parties between June 16, 2016 and July 30, 2016, and thus that have standing, which are reflected on the Class List, which can be found at **www.healthletterpppasettlement.com**.

**What Can I Get?** If approved by the Court, a Settlement Fund of $52,500,000.00 has been established to pay all Cash Awards to the Settlement Class, together with notice and Settlement Administration Expenses, approved attorneys' fees and costs to Class Counsel, and a service award to the Class Representatives. Once the Settlement becomes Final, you will receive a pro rata share of the Settlement Fund, which Class Counsel estimates will be approximately $540-$700 per Settlement Class Member, although the final amount you receive will also depend on the number of requests for exclusion submitted.

**How Do I Get a Payment?** If you are a Settlement Class Member, you will automatically receive a *pro rata* share of the Settlement Fund, so long as you do not request to be excluded from the Settlement Class. Your payment will come by check and sent to the address that this postcard was mailed, as shown on the front this postcard. If you no longer reside at this address or are planning to change addresses prior to **June 26, 2024**, please complete and submit a change of address form accessible on the Settlement Website so that your check is sent to the correct address. If you wish to receive your payment via PayPal or Venmo, you may do so by submitting an election form on the Settlement Website.

**What are My Other Options?** You may exclude yourself from the Class by mailing to the Settlement Administrator either a completed request for exclusion form found on the Settlement Website, or a letter stating your request to be excluded, postmarked no later than **May 13, 2024**. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Any written objection must be filed no later than **May 13, 2024**. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at **www.healthletterpppasettlement.com**. If you do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the alleged disclosure of subscriber information in this case against the Defendant and others will be released.

**Who Represents Me?** The Court has appointed Frank S. Hedin and Arun G. Ravindran of Hedin LLP, E. Powell Miller of The Miller Law Firm, P.C., and Joseph I. Marchese and Philip L. Fraietta of Bursor & Fisher, P.A. to represent the class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at 9:00 AM on **May 29, 2024** at 128 Federal Bldg, 315 W Allegan St, Lansing MI 48933. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award Class Representatives Jeffrey Schreiber a service award of $3,500; Richard Colony and Kay Vredeveld a service award of $2,500 each; and Michael Surnow a service award of $1,000 from the Settlement Fund for their services in helping to bring and settle this case. Defendant has agreed to pay Class Counsel reasonable attorneys' fees in an amount to be determined by the Court. Class Counsel is entitled to seek no more than 35% of the Settlement Fund, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form, and Settlement Agreement go to **www.healthletterpppasettlement.com**, contact the Settlement Administrator by calling (833) 425 – 9990, or writing to Schreiber et al. v. Mayo Foundation, c/o Kroll Settlement Administration, PO Box 5324, New York, NY 10150-5324, or contact Class Counsel by calling 248-609-7331



Postage
Required

Settlement Administrtor - 83020
c/o Kroll Settlement Administration
P.O. Box 5324
New York, NY 10150-5324

**Address Update**

If you have an address different from where this postcard was mailed to, please write your correct address and email below and return this portion to the address provided on the other side.

## **\*\*THIS NOTICE IS NOT A CLAIM FORM\*\***

### **DO NOT USE THIS POSTCARD TO FILE A CLAIM, AN EXCLUSION OR OBJECTION.**

Name: _____     ____ ____   _____
      First Name                                    M.I.      Last Name

Street Address:_____

Street Address 2:_____

City: _____ State: ____ ____   Zip Code: ____ ____ ____ ____ ____

Email Address: _____ @_____

Exhibit D

## UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

*Schreiber et al. v. Mayo Foundation for Medical Education and Research*,
Case No. 2:22-cv-00188-HYJ-RSK

***A court authorized this Notice. You are not being sued. This is not a solicitation from a lawyer.***

- A settlement (hereinafter "the Settlement" or "Settlement") has been reached in a class action lawsuit against publisher Mayo Foundation for Medical Education and Research ("Mayo"). The class action lawsuit involves whether Mayo disclosed its customers' subscription information to third parties, which is alleged to violate Michigan privacy law.

- **While Mayo believes that its practices were in compliance with Michigan law, Mayo chose to settle this case, without admitting liability, to avoid additional legal fees and the time required to defend the lawsuit.**

- You are included if you are a direct purchaser whose information was included on the lists obtained in discovery that were transmitted to third parties between June 16, 2016 and July 30, 2016, and thus that have standing, which are reflected on the Class List, which can be found at **www.healthletterpppasettlement.com.** Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

- Those included in the Settlement will be eligible to receive a *pro rata* (meaning equal) portion of the Settlement Fund, which Class Counsel for the Settlement Class (hereinafter "Class Counsel") anticipates to be approximately $540-700.

- Read this Notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | You will receive a *pro rata* share of the settlement benefits – estimated to be approximately $540-$700 – and will give up your rights to sue the Defendant about the claims in this case. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING** | Ask to speak in Court about your opinion of the Settlement. |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

Questions? Call (833) 425-9990 Toll Free, or Visit www.healthletterpppasettlement.com.

1

## BASIC INFORMATION

### 1.  Why was this Notice issued?

A Court authorized this Notice because you have a right to know about the proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable Hala Y. Jarbou, of the U.S. District Court for the Western District of Michigan, is overseeing this case. The case is called *Schreiber et al. v. Mayo Foundation for Medical Education and Research*, Case No. 2:22-cv-00188-HYJ-RSK.  The people who sued are called the Plaintiffs.  The Defendant is Mayo Foundation for Medical Education and Research.

### 2. What is a class action?

In a class action, one or more people called class representatives (in this case, Jeffrey Schreiber, Richard Colony, Kay Vredeveld, and Michael Surnow) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the class.

### 3. What is this lawsuit about?

This lawsuit claims that Defendant violated Michigan's Preservation of Personal Privacy Act, H.B. 5331, 84th Leg. Reg. Sess., P.A. No. 378 §§ 1-4, *id.* § 5, added by H.B. 4694, 85th Leg. Reg. Sess., P.A. No. 206, § 1 (Mich. 1989) (the "PPPA"), by disclosing information related to its customers' magazine subscriptions to third parties between June 16, 2016 and July 30, 2016. The Defendant denies it violated any law.  The Court has not determined who is right.  Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiffs or the Defendant should win this case. Instead, both sides agreed to the Settlement.  That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Settlement Class Members will get compensation sooner rather than, if at all, after the completion of a trial.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am in the Settlement Class?

The Court decided that everyone who fits the following description is a member of the **Settlement Class**:

The approximately 62,746 direct purchasers whose information was included on the lists obtained in discovery that were transmitted to third parties between June 16, 2016 and July 30, 2016, and thus that have standing, which are reflected on the Class List.  If you are uncertain whether you are a Settlement Class Member, please contact the Settlement Administrator by phone at (833) 425-9990 or email at info@healthletterpppasettlement.com to find out whether you are included within the Settlement Class.

Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

Questions? Call (833) 425-9990 Toll Free, or Visit www.healthletterpppasettlement.com.

2

## THE SETTLEMENT BENEFITS

**6. What does the Settlement provide?**

*Monetary Relief*:   A Settlement Fund has been created totaling $52,500,000.00. Settlement Class Member payments, the cost to administer the Settlement, the cost to inform people about the Settlement, attorneys' fees (inclusive of litigation costs), and awards to the Class Representatives will also come out of this fund (*see* Question 12).

A detailed description of the settlement benefits can be found in the Class Action Settlement Agreement (hereinafter "Settlement Agreement"), a copy of which is accessible on the Settlement Website by clicking here.

**7. How much will my payment be?**

The amount of this payment will depend on how many requests for exclusion are submitted.  Each Settlement Class Member will receive a proportionate share of the Settlement Fund, which Class Counsel anticipates will be approximately $540-$700.  You can contact Class Counsel at (248) 609-7331 to inquire as to the number of requests for exclusion that have been received to date.

**8. When will I get my payment?**

The hearing to consider the fairness of the settlement is scheduled for **May 29, 2024**. If the Court approves the Settlement, eligible Settlement Class Members will receive their payment 28 days after the Settlement has been finally approved and/or after any appeals process is complete.  The payment will be made in the form of a check, and all checks will expire and become void 180 days after they are issued.  Alternatively, you may request that the payment is issued through PayPal or Venmo (see Question 9 below for further details).

## HOW TO GET BENEFITS

**9. How do I get a payment?**

If you are a Settlement Class Member who received a Notice via postcard and you want to get a payment, do nothing and you will automatically receive a *pro rata* share of the Settlement Fund, which Class Counsel anticipates will be approximately $540-$700.  Your check for a *pro rata* share of the Settlement Fund will be sent to the postal address identified in the Notice you received.  If you have changed addresses or are planning to change addresses prior to June 26, 2024, please click here to complete and submit a change of address form on the Settlement Website. If you wish to receive your payment via PayPal or Venmo, you may do so by submitting the Election Form on the Settlement Website.

If you are a Settlement Class Member who did not receive a Notice via postcard and you want to get a payment, you **must** complete and submit a Claim Form.  You may submit a Claim Form either electronically on the Settlement Website by clicking here, or by printing and mailing in a paper Claim Form, copies of which are available for download here.  Claim Forms must be submitted online by 11:59 p.m. EST on May 15, 2024 or postmarked and mailed by May 15, 2024.

## REMAINING IN THE SETTLEMENT

**10. What am I giving up if I stay in the Settlement Class?**

If the Settlement becomes final, you will give up your right to sue the Defendant and other Released Parties for the claims being resolved by the Settlement.  The specific claims you are giving up against the Defendant are described in Section 1.26 of the Settlement Agreement, defined therein as the Released Claims.  You will be "releasing" the Defendant and certain of its affiliates, employees and representatives as described in Section 1.27

Questions? Call (833) 425-9990 Toll Free, or Visit www.healthletterpppasettlement.com.

3

of the Settlement Agreement. Unless you exclude yourself (*see* Question 13), you are "releasing" these claims. The Settlement Agreement is available through the "Court Documents" link on the Settlement Website.

The Settlement Agreement describes the Released Claims with specific descriptions, so read it carefully. If you have any questions you can talk to the lawyers listed in Question 11 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

## THE LAWYERS REPRESENTING YOU

### 11. Do I have a lawyer in the case?

The Court has appointed Frank S. Hedin and Arun G. Ravindran of Hedin LLP, E. Powell Miller of The Miller Law Firm, P.C., and Joseph I. Marchese and Philip L. Fraietta of Bursor & Fisher, P.A. to represent the class. They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

### 12. How will the lawyers be paid?

The Defendant has agreed that Class Counsel attorneys' fees and costs may be paid out of the Settlement Fund in an amount to be determined by the Court. The fee petition will seek no more than 35% of the Settlement Fund, inclusive of reimbursement of their costs and expenses; the Court may award less than this amount. Under the Settlement Agreement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Subject to approval by the Court, Defendant has agreed that Class Representatives Jeffrey Schreiber may be paid a service award of $3,500; Richard Colony and Kay Vredeveld may be paid a service award of $2,500 each; and Michael Surnow may be paid a service award of $1,000, for their services in helping to bring and resolve this case.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 13. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must submit a request for exclusion by **May 13, 2024**. Requests for exclusion may be submitted by either printing and completing the request for exclusion form found on the Settlement Website (accessible here), or by mailing or otherwise delivering a letter (or your request for exclusion) stating that you want to be excluded from the *Schreiber et al. v. Mayo Foundation for Medical Education and Research*, Case No. 2:22-cv-00188-HYJ-RSK settlement. Your letter or request for exclusion must also include your name, your address, the title of the publication(s) to which you subscribed, your signature, the name and number of this case, and a statement that you wish to be excluded. If you choose to submit a request for exclusion, you must mail or deliver your exclusion request, postmarked no later than **May 13, 2024,** to the following address:

Schreiber et al. v. Mayo Foundation
c/o Kroll Settlement Administration
PO Box 5324
New York, NY 10150-5324

### 14. If I don't exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this Settlement.

### 15. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, you will not receive a *pro rata* share of the Settlement Fund.

Questions? Call (833) 425-9990 Toll Free, or Visit www.healthletterpppasettlement.com.

4

## OBJECTING TO THE SETTLEMENT

### 16. How do I object to the Settlement?

If you are a Settlement Class Member, you can object to the Settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it. The Court will consider your views.  To object, you must file with the Court a letter or brief stating that you object to the Settlement in *Schreiber et al. v. Mayo Foundation for Medical Education and Research*, Case No. 2:22-cv-00188-HYJ-RSK and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name, your address, the basis upon which you claim to be a Settlement Class Member (including the title of the publication(s) which you purchased or to which you subscribed), the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection, and your signature. If you, or an attorney assisting you with your objection, have ever objected to any class action settlement where you or the objecting attorney has asked for or received payment in exchange for dismissal of the objection (or any related appeal) without modification to the settlement, you must include a statement in your objection identifying each such case by full case caption. You must also mail or deliver a copy of your letter or brief to Class Counsel and Defendant's Counsel listed below.

Class Counsel will file with the Court and post on this Settlement Website its request for their Fee Award by **April 29, 2024.**

If you want to appear and speak at the Final Approval Hearing to object to the settlement, with or without a lawyer (explained below in answer to Question Number 20), you must say so in your letter or brief.  File the objection with the Court (or mail the objection to the Court) and mail a copy of the objection to Class Counsel and Defendant's Counsel, at the addresses below, postmarked no later than **May 13, 2024.**

| Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| The Honorable Hala Y. Jarbou United States District Court for the Western District of Michigan 138 Federal Bldg 315 W Allegan St Lansing MI 48933 | E. Powell Miller The Miller Law Firm, P.C. 950 W. University Drive, Ste 300 Rochester, MI 48307 | Gregory Karpenko Fredrikson & Byron P.A. 60 South 6th St., Ste. 1500 Minneapolis, MN 55402 |

### 17. What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

Questions? Call (833) 425-9990 Toll Free, or Visit www.healthletterpppasettlement.com.

5

## THE COURT'S FINAL APPROVAL HEARING

**18. When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Approval Hearing at 9:00 AM on **May 29, 2024** at the United States District Court for the Western District of Michigan, located at 128 Federal Bldg, 315 W Allegan St, Lansing MI 48933.  The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for service awards to the Class Representatives.  At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check for updates by visiting the Settlement Website at **www.healthletterpppasettlement.com** or calling (833) 425 - 9990.  If, however, you timely objected to the settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of the Final Approval Hearing.

**19. Do I have to come to the hearing?**

No.  Class Counsel will answer any questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection or comment, you don't have to come to Court to talk about it.  As long as you filed and mailed your written objection on time, the Court will consider it.  You may also pay another lawyer to attend, but it's not required.

**20. May I speak at the hearing?**

Yes.  You may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear in *Schreiber et al. v. Mayo Foundation for Medical Education and Research*, Case No. 2:22-cv-00188-HYJ-RSK." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you.  Your objection and notice of intent to appear must be filed with the Court and postmarked no later than **May 13, 2024**, and be sent to the addresses listed in Question 16.

## GETTING MORE INFORMATION

**21. Where do I get more information?**

This Notice summarizes the Settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement at www.healthletterpppasettlement.com.   You may also write with questions to Schreiber et al. v. Mayo Foundation, c/o Kroll Settlement Administration, PO Box 5324, New York, NY 10150-5324.  You can call the Settlement Administrator at (833) 425-9990 or Class Counsel at 248-609-7331, if you have any questions.  Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the Settlement Website.

Questions? Call (833) 425-9990 Toll Free, or Visit www.healthletterpppasettlement.com.

6

# Exhibit E

*Schreiber et al. v. Mayo Foundation for Medical Education and Research*,
Case No. 2:22-cv-00188-HYJ-RSK (W.D. Mich.)

## CLAIM FORM FOR UNIDENTIFIED CLASS MEMBERS

This Claim Form may be submitted online at www.healthletterpppasettlement.com or completed and mailed to the address below. Submit your completed Claim Form online or mail it so it is postmarked no later than May 15, 2024. If you received a Notice by mail, you do NOT need to submit a Claim Form, and your Cash Award will be sent to you by check at the address identified on the Notice once the Settlement is finally approved. If your address has changed, please submit a change of address form online at www.healthletterpppasettlement.com to ensure your check is mailed to your current address.

### I.  CLAIMANT INFORMATION (all fields required)

The Settlement Administrator will use this information for communications and payments. If this information changes before settlement payments are issued, contact the Settlement Administrator at the address below.

_____  ____  _____
First Name                                                                      M.I.   Last Name

_____
Current Mailing Address, Line 1: Street Address/P.O. Box

_____
Current Mailing Address, Line 2

_____  ____ ____   ____ ____ ____ ____ ____
City                                                                      State                Zip Code

Preferred Telephone Number: (____ ____ ____) - ____ ____ ____ - ____ ____ ____ ____

Preferred Email address: _____@_____

### II.  CLAIM INFORMATION

Mailing address at which you received your subscription between June 16, 2016 and July 30, 2016:

_____
Mailing Address, Line 1: Street Address/P.O. Box

_____
Mailing Address, Line 2

_____  ____ ____   ____ ____ ____ ____ ____
City                                                                      State                Zip Code

### III.  PREFERRED PAYMENT METHOD

If you would like to receive an electronic payment, please submit your claim online at **www.healthletterpppasettlement.com**.

### IV.  SIGNATURE: Sign and date the Claim Form below.

Signed:_____  Date: ____ ____/ ____ ___/ ____ ____ ____ ____

Submit this Claim Form online or mail it to the address below postmarked no later than May 15, 2024.

*Schreiber et al. v. Mayo Foundation*
*c/o Kroll Settlement Administration*
*PO Box 5324*
*New York, NY 10150-5324*

  

Exhibit F

## Exclusion List

| Count | Claimant Name | Record Identification Number |
|---|---|---|
| 1 | BARBARA SENNETT | 8302052GM1MMP |
| 2 | BERNICE LAKATOS | 830204GV098NR |
| 3 | FOSTER GIBBS | 8302032W5S65M |
| 4 | KAREN BEATTIE | 830203TPTTSP8 |
| 5 | LEONA DUBIEL | 830203G0KRSG0 |
| 6 | LYLE LAYLIN | 830203CHB9NND |
| 7 | MARK NEAR | 830203DFPVPX9 |
| 8 | MARY SCHIMMEL | 830204S5M32JS |
| 9 | MILDRED CASPER | 830204Z2XTXQ2 |
| 10 | RAYMOND BAUR | 830203RJRP0N1 |
| 11 | ROSE LAMBERTZ | 8302046GJZ3SX |
| 12 | SHIRLEY DEKOSTER | 830203KCXH9Z6 |
| 13 | ELEANOR KERRAN | 830203HR4WVKK |
| 14 | GEORGE MARCERO | 830204XF8PVSJ |